JOHN J. TIERNEY, Respondent, *v.* HELVETIA-SWISS FIRE INSURANCE COMPANY, Appellant, Impleaded with CENTRAL TRUST COMPANY OF NEW YORK, Defendant.

Second Department, December 30, 1908.

**Practice — pleading — motion to strike out irrelevant matter.**

On a motion under section 545 of the Code of Civil Procedure to strike out irrelevant, redundant and scandalous matter contained in a pleading the entire cause of action or defense cannot be stricken out, but only the irrelevant matter.

The sufficiency of matter pleaded as a defense cannot be tested in the motion under said section.

APPEAL by the defendant, the Helvetia-Swiss Fire Insurance Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 13th day of August, 1908, striking out as irrelevant an entire defense contained in the said defendant's answer.

*Frederick B. Campbell* [*Charles M. Turell* with him on the brief], for the appellant.

*Royall Victor,* for the respondent.

MILLER, J. :

Section 545 of the Code of Civil Procedure authorizes the striking out of "irrelevant, redundant, or scandalous matter, contained in a pleading." That section does not authorize the striking out of an entire cause of action or defense, but only of irrelevant, redundant or scandalous matter contained therein. The sufficiency of the matter pleaded as a defense cannot thus be tested. An entire

defense, though insufficient, cannot be stricken out as irrelevant. (*Hanson Co.* v. *Collier,* 119 App. Div. 794; *Cardeza* v. *Osborn,* 32 Misc. Rep. 46; affd., 54 App. Div. 626; *Stroock Plush Co.* v. *Talcott,* 129 id. 14.)

It is conceded that the defendant offered no objection to the striking out of the 8th paragraph, but the appeal is taken from the entire order. It should, therefore, be modified so as to provide that only the 8th paragraph of the answer be stricken out, and as thus modified affirmed, with costs of this appeal.

Jenks, Hooker, Gaynor and Rich, JJ., concurred.

Order modified in accordance with the opinion, and as modified affirmed, with ten dollars costs and disbursements.

---

Bernard Babrowsky, as Executor, etc., of Millie Greenbaum, Deceased, Respondent, *v.* The United States Grand Lodge of The Order Brith Abraham, Appellant.

Second Department, December 30, 1908.

**Principal and agent — power coupled with interest — death of principal — revocation — evidence.**

Where a third person at the request of the beneficiary of an insurance policy then due has paid out on her behalf moneys in excess of the amount of the policy pursuant to an agreement that he should collect the policy and retain the amount expended, and the beneficiary thereafter gives him a written power of attorney authorizing him to receive the amount of the policy and receipt therefor on her behalf, there is a virtual assignment of the fund and the agent has a power coupled with an interest which survives the death of the principal.

Hence, when the insurer having paid to the agent after the death of the principal is sued by her representative to recover the amount of the policy, it may show the oral agreement pursuant to which the power of attorney was given, where it is properly pleaded as a defense.

Appeal by the defendant, The United States Grand Lodge of The Order Brith Abraham, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 9th day of December, 1907, upon the verdict of a jury rendered by direction of the court after a trial at the Westchester Trial Term.