ARNOLD v. ARNOLD et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. PLEADING (§ 195*)—IMPROPER COUNTERCLAIM—DEMURRER.

That facts alleged do not constitute a proper counterclaim should be raised by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 447; Dec. Dig. § 195.*]

2. PLEADING (§ 359*)—"SHAM ANSWER."

A "sham answer" is one which is false, and which the court is authorized to strike out by Code Civ. Proc. § 538.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1120; Dec. Dig. § 359.*

For other definitions, see Words and Phrases, vol. 7, pp. 6472, 6473.]

Appeal from Special Term, Clinton County.

Action by Emma Arnold against Frank Arnold and another. From an order of the Special Term, denying plaintiff's motion to strike out defendants' alleged counterclaim, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William H. Bass and Clarence W. Smith, for appellant.

Getman & Fraser (McIntyre Fraser, of counsel), for respondents.

JOHN M. KELLOGG, J. The motion came before the court upon an order to show cause why the alleged counterclaim should not be stricken out, upon the ground that it is not a proper counterclaim. If the facts alleged do not constitute a counterclaim, demurrer is the proper remedy. Hanson Co. v. Collier, 119 App. Div. 794, 104 N. Y. Supp. 787.

A sham answer is one which is false, and may be stricken out under section 538 of the Code of Civil Procedure. Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151. The criticism upon the alleged counterclaim is, not that it is false, but that, conceding the facts stated to be true, it does not state a proper counterclaim. Perhaps, if the answer is insufficient, as claimed, a motion for judgment upon the ground that it is frivolous was available to the plaintiff under section 537 of the Code of Civil Procedure. But, if his motion were denied, he could pursue that remedy no further, and is without appeal. The plaintiff has not taken the proper proceeding to question the sufficiency of the alleged counterclaim.

The order should therefore be affirmed, with $10 costs and printing disbursements. All concur.

