New York; second, no jurisdiction in this court of the subject-matter.

This court has power to take jurisdiction upon a foreign judgment. As was said by Mr. Justice Earl in the Matter of Waite, 99 N. Y. at page 448, 2 N. E. at page 449:

"The following rules are to be deemed thoroughly recognized and established in this state: (1) The statutes of foreign states can in no case have any force or effect in this state ex proprio vigore, and hence the statutory title of foreign assignees in bankruptcy can have no recognition here solely by virtue of the foreign statute. (2) But the comity of nations, which Judge Denio, in Peterson v. Chemical Bank, 32 N. Y. 21 [88 Am. Dec. 298], said is a part of the common law, allows a certain effect here to titles derived under and powers created by the laws of other countries, and from such comity the titles of foreign statutory assignees are recognized and enforced here, when they can be, without injustice to our own citizens, and without prejudice to the rights of creditors pursuing their remedies here under our statutes, provided, also, that such titles are not in conflict with the laws or the public policy of our state. (3) Such foreign assignees can appear and, subject to the conditions above mentioned, maintain suits in our courts against debtors of the bankrupt whom they represent, and against others who have interfered with or withhold the property of the bankrupt."

In Howarth v. Angle, 39 App. Div. 151, 57 N. Y. Supp. 187, quoting the last case, it was held that a receiver might maintain an action in this state against a stockholder of a bank to recover the amount assessed upon a stock. See, also, Shipman v. Treadwell, 200 N. Y. 476, 93 N. E. 1104; Stoddard v. Lum, 159 N. Y. 265, 53 N. E. 1108, 45 L. R. A. 551, 70 Am. St. Rep. 541; Toronto General Trust Co. v. C., B. & Q. R. R., 123 N. Y. 37, 25 N. E. 198. The objection that the plaintiff, as a liquidator appointed by a foreign court, cannot bring this action is therefore untenable. The remedy sought was that provided by the foreign statute, which created the liability, and, as the liability was clearly contractual, this action is maintainable.

Demurrer overruled, with leave to defendants to plead upon payment of costs. Settle order on notice.

---

### CROTTY v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

PLEADING (§ 364*)—IRRELEVANT, REDUNDANT, AND SCANDALOUS MATTER.

Code Civ. Proc. § 545, provides that irrelevant, redundant, and scandalous matter contained in a pleading may be stricken out on the motion of the person aggrieved. *Held*, that such section does not authorize the striking out of an entire cause of action, or an entire defense, as scandalous and irrelevant, but only the matter thereof which is irrelevant, redundant, or scandalous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

Appeal from Special Term, Orange County.

Action by Michael Crotty against the Erie Railroad Company. Cross-appeals from parts of an order of the Special Term, sustaining

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

in part and denying in part a motion to strike out certain defenses. Modified and affirmed.

See, also, 149 App. Div. 262, 133 N. Y. Supp. 696.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John C. Robinson, of New York City, for plaintiff.

Elbert N. Oakes, of Middletown, for defendant.

PER CURIAM. The order, in so far as it strikes out the first and separate defense and the second and separate defense as scandalous and irrelevant, and the third and separate defense as irrelevant, must be reversed, inasmuch as section 545 of the Code of Civil Procedure does not authorize the striking out of an entire cause of action, or an entire defense, but only the matter thereof which is irrelevant, redundant, or scandalous. Tierney v. Helvetia Swiss Fire Ins. Co., 129 App. Div. 694, 114 N. Y. Supp. 139, and cases cited; Gibson v. McDonald, 139 App. Div. 51, 123 N. Y. Supp. 504. It follows that the order, in so far as it denies the motion to strike out the fourth separate defense, must be affirmed.

The order is modified in accordance with this opinion, and, as modified, is affirmed, with $10 costs and disbursements to the defendant appellant.