(170 App. Div. 61)

PLYMOUTH GARAGE, Inc., v. SHANLY et al.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1915.)

1. PLEADING ⟷355—MOTIONS TO STRIKE—IRRELEVANT MATTER—WHEN GRANTED.

Defendants gave bond to secure the return of replevied goods to plaintiff, if possession was adjudged to them, or if the action abated or was discontinued. The action was not adjudicated, but under an alleged oral stipulation judgment was delayed beyond the statutory time. The plaintiff sued on the bond alleging that the action had abated, and the obligation of the bond had accrued. The defendants answered, setting up the oral agreement upon which they, their principal, and the judge acted and relied, and alleging that plaintiff refused to execute the necessary written stipulation to authorize a decision to be made in accordance with its oral agreement. The answer was stricken as irrelevant and redundant. *Held*, that under Code Civ. Proc. § 545, providing that irrelevant, redundant, or scandalous matter contained in a pleading may be stricken out upon motion of the person aggrieved thereby, the defense pleaded could not be stricken, for where there is semblance of a defense its sufficiency cannot be determined on motion to strike it out as redundant or irrelevant, but the proper way to test its validity is by demurrer or by motion on the trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1102–1110; Dec. Dig. ⟷355.]

2. PLEADING ⟷364—MOTIONS TO STRIKE—WHEN PERMISSIBLE.

Averments in a pleading can be stricken out on motion because of irrelevancy only when the matter to be stricken is irrelevant to the cause of action or defense attempted to be stated in the pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. ⟷364.]

Kruse, P. J., dissenting.

Appeal from Special Term, Monroe County.

Action by the Plymouth Garage, Incorporated, against James B. Shanly and another. From an order striking out defendants' answer, they appeal. Reversed, and motion denied.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Charles B. Bechtold, of Rochester, for appellants.
George D. Forsyth, of Rochester, for respondent.

PER CURIAM. This action is brought against the defendants as sureties upon an undertaking given in an action of replevin in the Municipal Court of the City of Rochester to recover possession of an automobile. In that action the Shafer-Decker Company was plaintiff, and the Plymouth Garage, Incorporated, (plaintiff here), and Joseph A. Garvel and Elmer E. Wyckoff were defendants. The condition of the undertaking is:

"For the prosecution of the action; for the return of said chattels to the above-named *defendants*, if possession thereof is adjudged to them, or if the action abates or is discontinued before the said chattels are returned to said defendants."

The complaint here alleges that possession of the automobile was taken from plaintiff by virtue of the requisition issued in said replevin action and that the same has never been returned to plaintiff; that issue was joined in said action, and a trial had in said Municipal Court, but no decision was rendered by the judge, and said action abated, and plaintiff became entitled to a return of said automobile, on which plaintiff claimed a statutory lien for repairs and storage, the amount of which is not alleged; and that plaintiff had demanded the return of said automobile which was refused, to the damage of plaintiff in the sum of $500, for which sum judgment is demanded.

[1] Defendants' answer admits the allegations of the complaint as to the commencement of the replevin action in the Municipal Court to recover said automobile; its replevy therein from plaintiff's possession, and that it has never been returned to plaintiff; denies knowledge or information sufficient to form a belief as to the allegation of plaintiff's incorporation, and by appropriate form of denial puts in issue all other allegations of the complaint. The answer then sets up as a "second separate answer and a complete defense" in substance and effect that said Municipal Court action has not abated by failure of the judge to render his decision within the statutory time, and that plaintiff is equitably estopped from claiming such abatement because of the extension or enlargement of the time for rendering such decision by agreement of the parties through their counsel, first by written stipulation, and later by oral agreement, upon which defendants and their principal and said judge acted and relied, and that said judge is ready to render his decision, but plaintiff refuses to execute the necessary written stipulation to authorize such decision to be now made in accordance with its oral agreement so to do. The answer does not raise the question as to the right of plaintiff alone to maintain the action without joining the other defendants in the Municipal Court action. Substantially the whole of this "second and separate" defense has been stricken out by the order appealed from as irrelevant and redundant.

The sole ground upon which respondent seeks to sustain this order here is that this defense is insufficient in law upon its face, because the alleged oral agreement between counsel contravenes rule 11 of the General Rules of Practice, which requires such agreements to be in writing. We think the sufficiency of this separate defense cannot properly be tested by motion under section 545 of the Code to strike it out as irrelevant or redundant. There is at least the semblance of a defense pleaded, and there is nothing alleged which is irrelevant or redundant as regards the substance of the defense attempted to be set up. The rule is that where there is a semblance of a cause of action or defense set up in a pleading its sufficiency cannot be determined on motion to strike it out as redundant or irrelevant. The proper way to test its validity is by demurrer or by motion on the trial. Walter v. Fowler, 85 N. Y. 621; Arnold v. Arnold, 134 App. Div. 758, 119 N. Y. Supp. 451.

[2] The power to strike out on motion averments in a pleading because of irrelevancy applies only to such matter as is irrele-

vant to the cause of action or defense attempted to be stated in the pleading. Hagerty v. Andrews, 94 N. Y. 195; Tierney v. Helvetia-Swiss Fire Ins. Co., 129 App. Div. 624, 114 N. Y. Supp. 139.

The order appealed from should be reversed, with $10 costs and disbursements, and plaintiff's motion denied, with $10 costs. All concur, except

KRUSE, P. J. (dissenting). If the motion had been denied at Special Term, I should vote to affirm, under the rule referred to in the prevailing opinion; but since the question has been passed upon at Special Term, and decided correctly, as I think, the order may as well stand. I am of the opinion that the City Court lost jurisdiction of the action in which the undertaking was given, and that thereupon the obligation thereon to return the property became effective. It seems clear to me that the new matter pleaded and stricken out does not constitute a defense.

I therefore vote for affirmance.