MICHAEL H. HAGERTY et al., Appellants, *v.* BENJAMIN ANDREWS et al., Respondents.

The court has no power, on motion of a party defendant, to strike out all the allegations of the complaint referring to himself, simply because they are irrelevant to an alleged cause of action against some other defendant; neither the question as to whether the moving party was properly made a defendant, nor the question as to whether the facts alleged make out a good cause of action as to him, can be raised on such a motion.

The power to strike out, on motion, averments in a pleading because of irrelevancy, applies simply to such matter as is irrelevant to the cause of action or defense attempted to be stated in the pleadings against the moving party.

(Submitted November 20, 1883; decided December 4, 1883.)

APPEAL from order of the General Term of the City Court of Brooklyn, made September 5, 1883, which affirmed an order of Special Term striking out all the averments of the complaint relating to defendants Andrews and Husted.

This action was brought for the partition of certain lands, owned by plaintiffs and defendant Nichols as tenants in common.

The complaint alleged that defendants Andrews and Husted claim to have liens upon the premises, under and by virtue of certain certificates of sale thereof for the non-payment of taxes. The complaint asked for a determination as to the validity of such liens. The defendant Nichols averred in his answer that the alleged liens are null and void, because the proceedings were not in conformity with the requirements of the statute. The motion to strike out these allegations was based on the ground that the certificates are not liens and do not constitute an interest in the lands; that the validity thereof cannot be determined in this action, and that said allegations are irrelevant.

*John T. Barnard* for appellants. In partition under the Revised Statutes, creditors having specific liens upon an undivided share of the premises sought to be partitioned could be made parties, and persons holding general liens or incumbrances be brought in by notice, so as to bind them by the sale. (2 R. S. 318, §§ 10, 49, 43.) The plaintiff may at his election, among other things, make a person having a lien or interest which attaches to the entire property, a defendant in the action. (Code of Civ. Pro., § 1539.) The title or interest of any defendant, as stated in the complaint, may be controverted in his answer or the answer of any other defendant, and the issues so joined must be tried and determined in the action. (Code of Civ. Pro., § 1543.) If the persons interested were known they should be made parties to the suit or proceeding. If not known and in being they should be made parties in effect by the publication of the notice required by statute. (*Mead* v. *Mitchell*, 5 Abb. Pr. 92; *S. C.*, 17 N. Y. 210;

*Bogardus* v. *Parker*, 7 How. Pr. 305.) A creditor by an entire lien on the whole premises was not a necessary party in partition, but if made a defendant the court could determine the amount and validity of the lien. (*Dunham* v. *Minard*, 4 Paige, 441; *Halsted* v. *Halsted*, 55 N. Y. 442; *Townshend* v. *Townshend*, 1 Abb. N. C. 81; *Mead* v. *Mitchell*, 17 N. Y. 210; *Austin* v. *Ahearne*, 61 id. 6, 21.) The word "lien" in law signifies an obligation, tie or claim annexed to or attaching upon any property; without satisfying which such property cannot be demanded by its owners. (4 Jacobs' Law Dic., by Tomlins. 159; *Storm* v. *Waddell*, 2 Sandf. Ch. 494; 2 Story's Eq. 1215, 1216.) The legislature has declared certificates of sales for unpaid taxes, assessments and water-rates in the city of Brooklyn to be liens. (Charter of 1854, title 5, § 26; Laws of 1854, chap. 384; Laws of 1859, chap. 396, § 20; *Crook* v. *Andrews*, 40 N. Y. 547; *Newell* v. *Wheeler*, 48 id. 486.) In this State statutes must be read according to the most natural and obvious import of the language without resorting to subtle and forced construction for the purpose of either limiting or extending their operation. (*Waller* v. *Harris*, 20 Wend. 561; 17 Johns. 475; 13 N. Y. 78; *Newell* v. *People*, 3 Seld. 97; *McCloskey* v. *Cromwell*, 1 Kern. 593; *Clarkson* v. *Hudson R. R. Co.*, 2 id. 394; *Johnson* v. *Hudson R. R. Co.* 49 N. Y. 455.) The inquiry as to the existence and amount of the lien involves the further question of its validity, if the party against whose share it is claimed to exist contests it. This could always be done in partition. (*Dunham* v. *Minard*, 4 Paige, 441; *Halsted* v. *Halsted*, 55 N. Y. 442; Code of Civ. Pro., §§ 1539, 1540, 1546.)

*John Andrews* for respondents. Only such parties who have a lien or interest which attaches to the entire property can be made a party to an action for partition. (Code, § 1539.) The plaintiff having elected to make the defendants, Andrews and Husted, parties, he should set forth and establish the nature of their lien in order that it may be charged against the premises, or the interest or share to which it attaches. (Code,

§ 1540.)   The validity of the certificates of sales for taxes could not be tried in this action.   (*Knap* v. *Hungerford*, 7 Hun, 588; *Van Schuyver* v. *Melford*, 59 N. Y. 426; *Albany City Savgs. Instn.* v. *Burdick*, 87 id. 40.)

RUGER, Ch. J.   The question attempted to be raised by the respondents in this proceeding was, whether, upon the facts stated in the complaint, they were properly made parties defendant in the action.

The objection went to the entire cause of action, as stated against them, and the necessary effect of a decision in their favor was to leave them in as parties to the action, but with nothing in the pleadings to indicate their connection with the subject-matter, except the allegations in the answer of their co-defendants George M. Nichols and Mary Jane, his wife, alleging the invalidity of their liens.

It may well be doubted, even if the order appealed from should be allowed to stand, whether the respondents have secured any exemption from their responsibility as defendants in the action.   It is quite clear that under section 1543 of the Code of Civil Procedure, they would still be obliged to litigate with their co-defendants, the Nichols, the validity of their liens upon the premises sought to be partitioned, notwithstanding the allegations in the complaint relating to their interest in the premises had been struck out by order of the court.

But it is quite evident that the question as to whether a person has been properly made a party defendant in an action cannot be raised upon a motion to strike out the allegations in the complaint referring to his interest in such action.   The Code authorizes the party aggrieved thereby to move to strike out *irrelevant, redundant or scandalous* matter contained in a pleading, but it is a new application of the privileges conferred by this provision to strike out a pleading because it does not state a good cause of action against the moving party.

Questions as to the sufficiency of a pleading in stating a cause of action or defense against a party, or as to his liability

upon a given state of facts, can properly be raised only by a demurrer to such pleading. When the pleading contains the semblance of a cause of action or defense its sufficiency cannot be determined upon a motion to strike it out as irrelevant or redundant. (*Walter* v. *Fowler*, 85 N. Y. 621.)

It cannot be claimed that the portions of the complaint which were struck out by the order appealed from were either scandalous or redundant; and it follows that if they are struck out at all it must be upon the ground that they are irrelevant. It would be confounding the remedies provided by the several sections of the Code, to hold that the motion to strike out matter from a pleading was applicable to a case where there was an absence of allegations of fact sufficient to constitute a cause of action or defense.

The power given to a court to expunge matter from a pleading, upon motion, for irrelevancy, refers to such matter as is irrelevant to the cause of action or defense attempted to be stated in the pleading against the party moving to expunge, and does not enable a party to strike out allegations relating to himself because they are irrelevant to an alleged cause of action against some other party.

We are, therefore, of the opinion that this appeal does not bring up the question attempted to be raised, and which was argued before us, and that we cannot properly pass upon that point.

The orders of the General and Special Terms must, therefore, be reversed, with costs in both courts to the appellants.

All concur.

Orders reversed.