DAY v. DAY.

(Supreme Court, Appellate Division, Second Department.   June 3, 1904.)

1. PLEADING—IRRELEVANT MATTER—MOTION TO STRIKE.
    Where a complaint states a semblance of a cause of action, allega-
    tions thereof should not be stricken as irrelevant or redundant when
    the portions left, standing alone, would thereby be unintelligible.

2. SAME.
    In a suit to set aside an alleged fraudulent assignment of a bond and
    mortgage, an allegation in the complaint that defendant falsely and
    fraudulently procured the publication of the record of such assignment
    to be made in the newspapers under false names, for the purpose of
    preventing plaintiff's discovery of the fraud, was irrelevant.

Appeal from Special Term, Kings County.

Action by Edward P. Day against Edward W. Day. From an or-
der striking out certain portions of the complaint as irrelevant and
redundant, plaintiff appeals.   Modified.

The complaint reads as follows, those portions which were stricken out
upon the motion being indicated in brackets:

"(1) That at the times hereinafter mentioned the plaintiff was, and still
is, the owner and holder of a certain bond and mortgage made and executed
by one Philip Freed and Rosa, his wife, to plaintiff, dated April 10, 1902."
Here follows a description of the bond and mortgage, and of the mortgaged
premises.

["(2) That at the times hereinafter mentioned the plaintiff was, and still
is, the owner in fee of a considerable parcel of real estate situate in the
same block with, and partly adjacent to, said mortgaged premises, and hav-
ing a frontage of 127 feet 8 inches on Sixteenth street, 27 feet 8 inches on
Fifteenth street, and of 30 feet on Fifth avenue, with certain buildings and
improvements thereupon.]

["(3) That plaintiff being an aged man, and having been for some time
past, because of bodily weakness and infirmity, confined to his house on
the property owned by him at Fifty-Fifth and Fifty-Fourth streets and
Third avenue, Brooklyn, N. Y., known as his homestead, and being unable
to personally visit his said property on Fifth avenue and Fifteenth and
Sixteenth streets to collect his rents or to supervise the care thereof, has
permitted the defendant to collect the rents thereof for this plaintiff, to be
accounted for and paid over to this plaintiff, and has also permitted defend-
ant to attend to the repairs upon said premises for plaintiff; and the de-
fendant has, as plaintiff is informed and believes, collected the rents of said
premises for plaintiff, and has paid over or pretended to pay over to this
plaintiff the rents as collected by defendant for plaintiff.]

["(4) That defendant represented to plaintiff that it was to the interest
of plaintiff to execute a certain paper relating to a lease of a portion of
plaintiff's said real estate, with which said Freed had some connection, and
said defendant did state to plaintiff that he was, in plaintiff's behalf, con-
ducting negotiations in reference thereto, and to the terms and conditions
thereof; and plaintiff stated to defendant the terms upon which he would
sign such paper, and defendant did on or about the 3d day of February,
1904, inform plaintiff that said terms were satisfactory to the other party,
and that he (defendant) would have such paper prepared, and would bring
the same to plaintiff for execution. That thereafter, and on or about the
6th day of February, 1904, the defendant brought to plaintiff a paper which
defendant told plaintiff was the said paper relating to such lease, and re-
quested plaintiff to sign the same; and plaintiff, believing the said state-
ments of defendant, and relying thereupon, and having trust and confidence
in defendant, did sign such paper without carefully reading the same, and
did intrust the same to defendant, believing and supposing it to relate to

such lease and nothing else.] That the aforesaid statements by defendant to plaintiff, and each of them, were, and were well known to defendant to be, false and untrue. That the paper so signed by plaintiff had nothing to do with a lease, but was in fact an assignment to said Edward W. Day, this defendant, of the aforesaid bond and mortgage upon the property of said Freed, and was well known to defendant so to be; and said false statements were deliberately and designedly and fraudulently made by the defendant to plaintiff as aforesaid for the purpose and with the intent of deceiving him into signing said assignment, supposing it to be another and different paper, and in order to defraud plaintiff of his rights as the owner and holder of said bond and mortgage.

"(5) That plaintiff did not discover said fraud so·practiced upon him until the 11th day of February, 1904.

"(6) That on the 11th day of February, 1904, the defendant caused to be recorded in the office of the register of the county of Kings, at 12:55 p. m., the aforesaid paper so signed by plaintiff as aforesaid, and which purports to be dated February 3, 1904, and acknowledged February 6, 1904, and which was so recorded and indexed in section 4, block 1047, of Mortgages, and which purports to assign to defendant the aforesaid bond and mortgage made and executed as aforesaid by said Philip Freed and wife to this plaintiff. [And plaintiff alleges, upon information and belief, that defendant falsely and fraudulently procured the publication of the record of such assignment of said bond and mortgage to be made in the newspapers under the names of 'E. P. Pey to E. W. Pey,' instead of under the true names appearing on such paper, for the purpose and with the intent of preventing the discovery by plaintiff of the fraud so practiced upon him as aforesaid.]

"(7) That plaintiff never knowingly signed or acknowledged any such assignment whatever. That plaintiff never received from defendant any consideration whatever for such an assignment, and never intended to make or deliver such an assignment to defendant. [That plaintiff never gave the aforesaid original bond and mortgage from said Freed to plaintiff to defendant, or to any one for him, but had and still has the same in his own personal possession, as his personal property.]

"Wherefore plaintiff demands judgment against the defendant that the said alleged assignment of said bond and mortgage from plaintiff to defendant be declared null and void; that the record thereof be canceled; that plaintiff be decreed to be the sole owner of said bond and mortgage; that plaintiff have such other or further relief as may be just, together with the costs and disbursements of this action."

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Andrew Wilson, for appellant.
Elmer S. White, for respondent.

WILLARD BARTLETT, J. The learned judge at Special Term characterized this complaint as a "rigmarole." If it was justly subject to criticism in its original form, it has hardly been improved by the effect of the order under review. As drawn by the pleader, it was at least intelligible, though perhaps not artistic. As left by the court at Special Term, it is meaningless. After striking out all allegations as to what representations were made by the defendant to the plaintiff, the court has allowed the averment to stand to the effect "that the aforesaid statements by defendant to plaintiff, and each of them, were, and were well known to defendant to be, false and untrue." There is nothing left in the preceding part of the complaint to which this averment can refer. The power conferred by section 545 of the Code of Civil Procedure to strike out irrelevant or redun-

dant matter could not have been intended to extend so far as to produce such an extraordinary pleading as its exercise has effected in the present case. If the complaint states even the semblance of a cause of action, that semblance may not be destroyed by striking out matter under this section. See Hagerty v. Andrews, 94 N. Y. 195. Allegations in a pleading should not be stricken out as irrelevant or redundant when the portions left consist of allegations which, standing alone, are unintelligible. See Collins v. Coggill, 7 Rob. 81.

The order should be reversed, except so far as it strikes out the last allegation of paragraph 7 of the complaint, which has no relevancy to the cause of action attempted to be set out, either as matter of pleading or matter of evidence.

Order modified in accordance with opinion of BARTLETT, J., and, as modified, affirmed, without costs. All concur.