WESTMORELAND ASBESTOS COMPANY, INC., HOME INSULATION COMPANY, INC., W. G. KUEHN, INC., and WILLIAM G. KUEHN, Respondents and Appellants, v. JOHN A. ROEBLING's SONS COMPANY OF NEW YORK, Appellant and Respondent. (Appeal No. 2.) — Cross-appeals by plaintiffs and defendant from an order granting in part and denying in part defendant's motion to strike out portions of the amended complaint on two grounds, *first*, that the pleading includes, in single causes of action, matter which should properly be the subject of other independent causes of action, and, *second*, that matter is included in single causes of action which is properly the subject of causes of action to be pleaded by plaintiffs other than the one on whose behalf such cause is pleaded. On appeal by plaintiffs from so much of the order as strikes out various allegations of the complaint, order modified by striking out all of the decretal parts thereof and by substituting in place thereof a provision dismissing the complaint in its entirety, with leave to plaintiffs to serve a second amended complaint within twenty days from the entry of the order hereon, and as so modified affirmed, without costs. On appeal by defendant from so much of the order as denies its motion to strike out the sixth cause of action, appeal dismissed, without costs. In our opinion, it was proper for each of the plaintiffs to incorporate in a single cause of action all the overt acts committed in the furtherance of the conspiracy to ruin, which it or he alleges, and that the order of July 16, 1936, did not adjudicate to the contrary. That order required each plaintiff to state his or its own cause of action independently of those alleged by the coplaintiffs, and the matter contained in such causes of action relating to the status of coplaintiffs and the existence of a conspiracy against them is irrelevant. The complaint in its entirety is redundant and confusing. It is not the function of the court to endeavor to piece out the good from the bad pleading in a complaint of this nature. (*Tankoos* v. *Conford Realty Co., Inc.*, 248 App. Div. 614.) Even if that were accomplished, the salvaged portions would be unintelligible. So, too, with the second and fourth causes of action, which include, by reference, many allegations which have, however, already been struck out. The individual plaintiff cannot assert injuries which were visited, not upon him, but on the coplaintiffs as corporations. His redress, if any, is for wrongs perpetrated directly against him and independently of those alleged on behalf of the corporations and for which they seek damages. Similarly, one corporation cannot recover for the damages sustained by another. Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.

HELEN WIDMAN, Respondent, v. SOCONY-VACUUM OIL COMPANY, INC., Appellant.— Orders denying defendant's motions to vacate the note of examination of employees of the defendant reversed on the law and the facts, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs (one bill of costs). The record does not disclose that the examination of these witnesses is material and necessary in support of the plaintiff's alleged cause of action; but, on the other hand, it appears that the witnesses have no personal knowledge thereof. In part the examination sought is on subjects that are a matter of record. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.