BUSHWICK-DECATUR MOTORS, INC., and CHARLES J. BURKE, Respondents, v. FORD MOTOR COMPANY and ROBERT J. McNULTY, Appellants, and CHARLES H. O'DONOHUE and Others, Defendants. (Appeal No. 1.) — Appeal by defendants Ford Motor Company and Robert J. McNulty from so much of an order as denies their motion to direct plaintiffs, pursuant to rule 90 of the Rules of Civil Practice, to state separately and number the allegations set forth in the complaint. Order modified by striking out the word "denied" in the first ordering paragraph and substituting therefor the word "granted," and as so modified affirmed, in so far as an appeal is taken therefrom, with ten dollars costs and disbursements to appellants; amended complaint to be served within ten days from the entry of the order hereon. The corporate plaintiff is an entity separate and apart from the individual plaintiff, and damages for a wrong perpetrated upon one cannot be claimed and collected by the other. The causes of action accruing to each must be separately stated. (*Westmoreland Asbestos Co., Inc.*, v. *Roebling's Sons Co.*, 252 App. Div. 895.) All five causes of action pleaded in the complaint are faulty in this respect. The first and second causes of action, although ostensibly based upon tortious interference with the contract and repudiation thereof, include as a defendant the Ford Motor Company, with which the contract, or contracts, were made, and causes of action, if any, based upon breach of contractual rights against that defendant should be separately stated. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

BUSHWICK-DECATUR MOTORS, INC., and CHARLES J. BURKE, Appellants, v. FORD MOTOR COMPANY and ROBERT J. McNULTY, Respondents, and CHARLES H. O'DONOHUE and Others, Defendants. (Appeal No. 2.) — On appeal by plaintiffs from so much of an order as grants the defendants' [respondents'] motion for an order, pursuant to rule 103 of the Rules of Civil Practice, striking out certain allegations from the complaint, order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

MARJORIE ELVIRA FERENS, Respondent, v. BICKFORD'S OPERATING CORPORATION, Appellant.— Plaintiff suffered injury when she slipped and fell on the wet floor of defendant's restaurant, of which she was a patron. The jury awarded her damages in the sum of $550, and defendant appeals. Judgment of the City Court of Yonkers and order denying defendant's motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.