**WESTMORELAND ASBESTOS CO., Inc. et al. v. JOHNS–MANVILLE CORPORATION et al.**

District Court, S. D. New York.
Dec. 6, 1939.

Weissberger & Leichter, of New York City, for plaintiffs.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendants.

MANDELBAUM, District Judge.

The relief sought by the defendants is divided up into four sections. The court will consider each separately.

### Section 1.

The defendants move pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint as to the plaintiffs, W. G. Kuehn, Inc., and William G. Kuehn individually on the ground that each plaintiff fails to state a claim upon which relief can be granted.

The action is to recover treble damages from the defendants for conspiracy to eliminate competition and to create an interstate monopoly; to oppress, and ruin the prospective business of the plaintiffs and to drive them out of business.

It is claimed that all the corporate plaintiffs are, in reality, William G. Kuehn in that he wholly owned and controlled the corporations.

The lengthy complaint narrowed down to its lowest terms insofar as W. G. Kuehn Inc. and William G. Kuehn are concerned, charges: (1) that Kuehn Inc. owned real estate which it rented to the plaintiffs, Westmoreland and Home Insulation; that

the rental derived from them paid the carrying charges on real estate; that by reason of the wrongs done to these tenants, Kuehn Inc. was deprived of rent and the resultant foreclosure of the mortgages; (2) that Kuehn individually owned real estate; that from the salaries and dividends derived from Westmoreland and Home Insulation and Kuehn, Inc. he was able to pay the carrying charges; that by reason of the wrongs done to the aforesaid corporations, Kuehn was deprived of his salaries and dividends and the resultant foreclosure of the mortgagee.

■ As I see it, the case of Gerli v. Silk Association of America, D.C., 36 F. 2d 959, controls the situation at bar. The principle there enunciated is that to state a claim for treble damages for injuries to the plaintiff in his business or property by combination in restraint of trade, the complaint must affirmatively show such injury to the plaintiffs' business or property, and it is not enough to allege something forbidden by the Anti-Trust laws, 15 U.S.C.A. §§ 1–7, 15, and claim damages resulting therefrom. Further, a stockholder cannot recover for the impairment of his stock by combination in restraint of trade; a creditor cannot recover for impairment of the corporate debtor's ability to pay an indebtedness in an action against a third party for treble damages for violation of the Anti-Trust laws, and finally, neither loss of corporate office and salary incident thereto, nor injuries to a corporate officer's general creditor are injuries to his business or property within the meaning and intent of the Anti-Trust laws.

■ A comparison of the complaint and bill of particulars in the Gerli case, supra, and the instant case shows a difference only in degree but not in kind. It is to be borne in mind that the basis of the relief sought against the defendants is the foreclosure of mortgages by independent third persons on property owned by Kuehn Inc., and William G. Kuehn. There is no claim that these foreclosures were unlawful. All elements considered, it seems to me that the claimed damages of Kuehn Inc. and Kuehn individually are more remote than those held to be unrecoverable in the Gerli case; Green v. Victor Talking Machine Co., 2 Cir., 24 F.2d 378, 59 A.L.R. 1091; and United Copper Securities Co. v. Amalgamated Copper Co., 2 Cir., 232 F. 574.

■ I hold therefore that within the meaning and intent of the Anti-Trust laws, the damages claimed are those of the corporations and not Kuehn Inc. and Kuehn individually. His being a sole stockholder of the plaintiff corporations gave him no independent right, only his corporate rights have been invaded.

The complaint is dismissed as to the plaintiffs, W. G. Kuehn Inc. and William G. Kuehn.

### Section 2.

Defendants move for an order directing plaintiffs to serve, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, a more definite statement or bill of particulars of certain enumerated items set forth in Section 2 of the notice of motion.

■ The rule with respect to obtaining a bill of particulars or a more definite statement is the following: Rule 12(e) of the Federal Rules of Civil Procedure authorizes a party to move for a more definite statement or for a bill of particulars which is not averred with sufficient definiteness or particularity to enable him to properly prepare his responsive pleading with sufficient definiteness, or to prepare for trial, but it is not incumbent upon the court to grant the relief sought unless a proper case has been made out. Where the moving party seeks information to enable him to prepare for trial the proper practice is to proceed by discovery after joinder of issue under Rules 26 and 33. Moog v. Warner Bros. Pictures, Inc., 29 F.Supp. 479, opinion by Judge Hulbert of this court, August 2nd, 1939.

After examining the items sought, the court is of the opinion that this phase of the motion should be granted only in part; that with the items allowed the defendants will be enabled to prepare a responsive pleading. As to the items stricken out, the matter sought is evidentiary, and after the joinder of issue, the defendants may seek this information either by interrogatories or discovery. Section 2 of this motion is disposed of as follows:

Subdivisions 1, 6, 8, 12 to 21 inclusive are granted.

■ Subdivision 9 is granted to the following extent: "What other conspirator or conspirators are claimed to have joined defendants Hirman E. Manville, Johns-Manville Sales Corporation and Johns-Manville Corporation, in inducing, forcing or causing Keasbey & Mattison Company

to withdraw its backing or support from Westchester Asbestos Corporation", and is denied as to the balance of the paragraph.

■ Subdivision 10 is granted to the following extent: "What conspirator or conspirators enticed employees of Rock Wool Insulation Corporation or Westchester Asbestos Corporation out of which of said plaintiffs' service into which conspirator's or conspirators' service, stating in each instance who acted in making said enticement, when, and what employee or employees were enticed", and denied as to the balance of the paragraph.

Subdivisions 2, 3, 4, 5, 7 and 11 are denied.

Subdivisions 22 and 23 are denied in view of the fact that the complaint has been dismissed as to W. G. Kuehn Inc. and William G. Kuehn.

### Section 3.

■ The defendants move for an order, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike certain specified matter from the complaint on the ground that it is redundant, immaterial, impertinent and scandalous.

In Securities & Exchange Commission v. Time-trust Incorporated et al., 28 F. Supp. 34, decided June 10th, 1939, in the Northern District of California, it was held that the mere presence of redundant and immaterial matter, not affecting the substance, is not in itself sufficient ground for granting a motion to strike such matter from the complaint. Further, that where no harm will result from immaterial matter not affecting the substance, the court should hesitate to disturb a pleading.

The motion to strike certain specified matter from the complaint should be denied with two exceptions. As to Paragraph 20 of the complaint, matter to be stricken is as follows: Commencing with "together" and ending with "indirectly". (lines 17–20). As to Paragraphs 21 and 26 of the complaint, matter to be stricken is as follows: Commencing with "and" and ending with "New York". (lines 5 and 6.)

### Section 4.

Defendants move for an order directing each plaintiff to state its claim separately.

■ In view of the nature of the action itself and the alleged unity of interest of the corporate plaintiffs, it would appear to be detrimental to the plaintiffs if they were obliged to separately state their claims. "Separate statement is demanded only when it will facilitate the clear presentation of matters set forth." Moore's Federal Practice, Volume I, p. 607.

■ The case of Westmoreland Asbestos Co. Inc. et al. v. John A. Roebling's Sons of New York, 252 App.Div. 895, 300 N. Y.S. 273, is cited by the defendants in urging that the plaintiffs be directed to separately state their claims. As I see it, that case was founded upon a theory different from the one at bar. Even if it were not so, this court is not obliged to follow state court rulings on matters of procedure. This branch of the motion is denied.

Settle order on two days' notice, in accordance with the foregoing opinion.