**SINAIKO BROS. COAL & OIL CO. et al. v. ETHYL GASOLINE CORPORATION et al.**

District Court, S. D. New York.
Jan. 20, 1942.

Louis Karasik, of New York City, and Hiram Z. Mendow, of Minneapolis, Minn. (Louis Karasik and Maurice J. Dix, both of New York City, of counsel), for plaintiffs.

Richard M. Page and Benjamin C. Loder, both of New York City (Richard M. Page and John P. Farnham, both of New York City, of counsel), for defendants.

GODDARD, District Judge.

Defendants move under Rule 12(f) of the Federal Rules of Civil Procedure, 28

U.S.C.A. following section 723c, for an order striking certain paragraphs from the complaint on the grounds that they are evidentiary, argumentative, irrelevant, impertinent, constitute legal conclusions, and are prejudicial.

The suit is for treble damages under the provisions of the Clayton Act, Title 15 U.S.C.A. § 15. A decree was entered against the defendants in favor of the United States for violation of the anti-trust laws of the United States, which was affirmed by the United States Supreme Court. Ethyl Gasoline Corp. v. United States, 309 U.S. 436, 446, 60 S.Ct. 618, 84 L.Ed. 852.

■ It is quite well settled, particularly in this district, that motions to strike are not favored, and usually will be granted only when the allegations have no relation to the controversy, and a failure to strike will unduly prejudice the adverse party. Minneapolis Gas & Oil Co. v. Ethyl Gasoline Corporation, D.C.S.D.N.Y. 2 F.R.D. 307, decided March 13, 1941; Huber, Inc., v. Pillsbury Flour Mills Co., D.C., 30 F.Supp. 108; Samuel Goldwyn, Inc., v. United Artists Corp., D.C., 35 F.Supp. 633; Kraus v. General Motors Corp., D.C., 27 F.Supp. 537; Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C., 30 F. Supp. 389; Id., D.C., 32 F.Supp. 731; French v. French Paper Co., D.C., W.D. Mich., 1 F.R.D. 531; Hansen Packing Co. v. Armour & Co., D.C., 16 F.Supp. 784.

The complaint contains allegations relative to jurisdiction (paragraphs 1, 2, 3, 30–33); a substantial repetition of the language and allegations contained in the Government's complaint relative to defendants' violations of the anti-trust laws (paragraphs 4 through 19); a resume of the steps in the Government's suit which ultimately resulted in the decision of the United States Supreme Court, affirming the decree of the District Court (309 U.S. 436, 446, 60 S. Ct. 618, 84 L.Ed. 852) (paragraphs 20–29); and allegations regarding the plaintiffs' damage (paragraphs 34–44).

■ There is much evidentiary matter throughout the complaint, but its inclusion appears to give a fuller understanding of the complaint and is therefore not objectionable. 1 Moore Federal Practice, § 660; Los Angeles Ry. Corp. v. Railroad Commission of California, D.C., 29 F.2d 140, affirmed 280 U.S. 145, 50 S.Ct. 71, 74 L. Ed. 234.

■ The inclusion in the complaint of paragraphs 20–29, which recite the Government's charges and the result will not prejudice the defendants, but will considerably aid the plaintiffs since if not denied, will stand admitted. Section 5 of the Clayton Act, 15 U.S.C.A. § 16, provides that an adjudication under the anti-trust laws to the effect that a defendant has violated said laws "shall be prima facie evidence against such defendant in any suit * * * brought by any other party * * * under said laws as to all matters respecting which said judgment * * * would be an estoppel as between parties thereto." Plaintiffs could not plead a prima facie case under this section if they did not set forth these facts. If the trial court feels they are prejudicial, it can direct that they be not read to the jury. The pleadings are not evidence. H. E. Miller Oil Co. v. Socony-Vacuum Oil Co., D.C.Mo., 37 F.Supp. 831. These allegations are clearly relevant and as such they will be permitted to stand. Kraus v. General Motors Corp., supra.

■ Paragraphs 1, 2, 3, 30–33 are properly pleaded under Sections 4 and 12 of the Clayton Act, as amended, 15 U.S.C.A. §§ 15 and 22. They indicate that this court has the requisite jurisdiction. Hansen Packing Co. v. Armour & Co., supra.

■ Since the defendants have failed to show prejudice by the remaining paragraphs toward which this motion is directed, I am of the opinion that they should be allowed to stand. Westmoreland Asbestos Co. v. Johns-Manville, supra, decision adhered to on reargument, D.C., 32 F.Supp. 731, affirmed, 2 Cir., 113 F.2d 114.

The complaint is sufficiently clear to enable the defendants to plead responsively to it.

■ It should be noted, however, that a complaint containing the amount of evidentiary and other matter here included, is not favored, and it is only because of the particular character of the action and the lack of any showing of prejudice to the defendants that this complaint will not be disturbed. Furthermore, the matters pleaded are clearly relevant. Minneapolis Gasoline & Fuel Corp. v. Ethyl Gasoline Corp., supra; Westmoreland Asbestos Co. v. Johns-Manville, supra; Eastman Kodak Co. v. McAuley, D.C., 2 F.R.D. 21. Probably the only effect of granting defendants' motion would be delay. Securities & Ex-

change Commission v. Timetrust, Inc., D.C. W.D.Cal., 28 F.Supp. 34.

Defendants' motion for a more definite statement of the matters contained in paragraph 37 is denied. Further information may be obtained by discovery or examination before trial.

Settle order on notice.