## In re SUN CAB CO.
### No. 4366.

District Court of the United States for the District of Columbia.

Aug. 12, 1946.

138

Frederic Richmond, of Washington, D. C., for the debtor corporation, for the motions.

A. K. Shipe, of Washington, D. C., for respondent, opposed.

HOLTZOFF, Justice.

This is a reorganization proceeding under Chapter X of the Bankruptcy Act, 11 U. S.C.A. § 501 et seq.

The debtor corporation operates a fleet of taxicabs in the District of Columbia. It filed a petition in this Court for reorganization, and an order was thereupon made by the court appointing the debtor corporation to continue in possession of its property and operate its business, and enjoining Mott Motors, Inc., and Thomas Mott from foreclosing their chattel deeds of trust on the taxicabs of the debtor corporation.

There is before this Court at this time a motion to punish Mott Motors, Inc., and Thomas Mott for contempt of court for seizing two taxicabs from the debtor corporation after the issuance of the court order just referred to and after notice of the order was served on Mott Motors, Inc. There is also before this Court a motion to direct Mott Motors, Inc., and Thomas Mott to show cause why they should not be required to restore to the possession of the debtor corporation six taxicabs, which the respondents have seized and two of which are involved in the first motion.

It appears that title to the taxicabs on the records of the proper record office is not in the Sun Cab Co., Inc., but in the name of A. B. Farley, who is president of the company. The testimony further shows that apparently Farley treated the cabs as belonging to the Sun Cab Company or the Sun Cab Company as belonging to himself, for he intermingled his own assets with those of the Sun Cab Company. It is urged that the equitable title to the cabs is in the Sun Cab Company, Inc., and that, therefore, the corporation is entitled to the possession of the cabs. Ordinarily the courts will recognize a corporate entity as being separate and apart from its stockholders and officers, even if the entire stock is held by one person. True, courts at times disregard this distinction between a sole stockholder and the corporation, and pierce the veil of the corporate entity, but that is done only for the purpose of preventing the perpetration of a fraud on third persons and not to effectuate some desire of the organizer of the corporation. A person who organizes a corporation can hardly be heard to say that the corporation should be considered as a separate entity for one purpose and not for another. One may not derive advantages that result from the corporate form of doing business, and refuse to bear the disadvantages of the existence of the corporation. It is the conclusion of this Court that title to these cabs was in A. B. Farley and not in the Sun Cab Company, Inc., and that, therefore, the debtor corporation has no rights to assert in this proceeding.

Irrespective of this consideration, and assuming arguendo that the Sun Cab Company owned the taxicabs, the evidence shows that they were subject to conditional bills of sale in the name of the vendor, the Colonial Cab Company. The conditional bills of sale were assigned to Mott Motors, Inc. These documents expressly provide that the title to the cabs shall remain in the vendor and its assigns. In other words, the position of the vendor and its assigns is not that of a mere lienor.

The vendor retained legal title to the cabs. Under the statute, Title 11 U.S.C.A. § 511, the Court in this proceeding has exclusive jurisdiction of the debtor and its property. In this instance, however, the property in question is not the property of the debtor. The Circuit Court of Appeals for the Second Circuit, in the case of In re Lake's Laundry, 79 F.2d 329, 102 A.L.R. 247, had precisely this situation before it. The court held that the conditional vendor had title to the property and had the right to take possession of it, even though the vendee had instituted reorganization proceedings under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, which was the precursor of Chapter X of the present Act. Under the circumstances, the Court reaches the conclusion that Mott Motors, Inc., is entitled to the possession of these cabs.

Even if Mott Motors, Inc., was purely a lienor, there would still be a question addressed to the discretion of the Court. The Bankruptcy Court has discretion to permit a lienor to enforce his security. In this instance the principal assets of the debtor corporation consist of a fleet of taxicabs. The principal effect of this proceeding, and apparently one of its principal purposes, was to forestall the conditional vendors from enforcing their liens in order that the taxicab business might be continued for the time being, practically speaking, at the risk of the conditional vendors. This is a situation that does not commend itself to the Court. Even if the debtor corporation had title to the taxicabs and Mott Motors, Inc., was purely a lienor, the Court would nevertheless permit the creditor to enforce his lien. It does not appear equitable to permit the debtor corporation to retain possession of the taxicabs, continue its business, while the taxicabs are depreciating, and fail to pay the balance due on the vehicles, shifting the risk of loss to the vendors.

The motion to punish for contempt is denied.

The motion to require the respondents to return the taxicabs which they have retaken is likewise denied.