ERNEST SCHWERTFEGER et al., Plaintiffs, v. BANK OF THE MANHATTAN COMPANY, Defendant.

Supreme Court, Special Term, Queens County, October 25, 1946.

*Weller, Rogers, Bergen & Rochford* for defendant.

*George J. Malinsky* and *I. Maxwell Small* for plaintiffs.

FROESSEL, J. The defendant moves for threefold relief: (a) pursuant to section 192 of the Civil Practice Act and rule 102 of the Rules of Civil Practice, to strike from the complaint herein the name of Ernest Schwertfeger and drop him as a party plaintiff on the ground that he is not a proper party and is neither an indispensable nor a conditionally necessary party to any of the causes of action alleged in the complaint; (b) to strike out, pursuant to rule 103 of the Rules of Civil Practice certain paragraphs and parts of paragraphs in the complaint, and (c) to amend the title of the action by correcting the name of the defendant.

Briefly, the complaint alleges, among other things, that the individual plaintiff is the president of the corporate plaintiff, its sole stockholder, financial organizer and contributor; that said corporate plaintiff was a depositor of defendant bank; and that said bank wrongfully refused to honor five different checks issued by the corporate plaintiff and signed by the individual plaintiff, its president. The plaintiffs claim damages for loss to their credit and business standing and for the refusal by a payee of one of said five checks to complete a contract affecting " plaintiffs' " property; the individual plaintiff claims damages for his humiliation, mental anxiety and suffering, and particularly because of a complaint charging him before a justice of the peace with a violation of the Penal Law, by reason of the dishonor of one of said checks; and for all of the alleged wrong to the plaintiffs they jointly ask for the sum of $25,000, as damages.

(A) Without passing upon the separate causes of action alleged in the complaint and which have not been challenged directly by the defendant for legal sufficiency under rule 106 of the Rules of Civil Practice, it cannot be said upon this application that at least some semblance of a cause of action does not exist in favor of the individual plaintiff. Defendant is properly troubled with the fact that plaintiffs have failed to comply with rule 90 of the Rules of Civil Practice, by separately stating and numbering the causes of action claimed to accrue to each plaintiff. (*Bushwick-Decatur Motors, Inc.,* v. *Ford Motor Co.,* 255 App. Div. 802.) In *Erb* v. *Banco di Napoli* (243 N. Y. 45) the court reasserted the proposition that for a breach on the part of a bank of its obligation, the depositor alone can sue. Plaintiffs claim here that because of additional circumstances the indi-

vidual plaintiff also has a right to sue. Assuming without deciding that this is so, if he has any cause of action it is separate and distinct from the corporate plaintiff and should be separately alleged. As was said in *Bushwick-Decatur Motors, Inc.,* v. *Ford Motor Co. (supra)* "The corporate plaintiff is an entity separate and apart from the individual plaintiff, and damages for a wrong perpetrated upon one cannot be claimed and collected by the other. The causes of action accruing to each must be separately stated."

Accordingly, the first branch of defendant's motion is denied, but it is entitled to a complaint that complies with rule 90 of the Rules of Civil Practice, so that it may challenge the sufficiency of causes of action properly pleaded.

(B) Motions under rule 103 of the Rules of Civil Practice, the second branch of defendant's motion, are not favored; they rest in the court's discretion (*Solomon* v. *LaGuardia,* 267 App. Div. 435); they are not granted moreover where the result would leave the plaintiff without a cause of action or with one different from that alleged (*Day* v. *Day,* 95 App. Div. 122). To strike out all of the matter embraced in this branch of the defendant's motion would leave the plaintiffs, and certainly the individual plaintiff, without even a semblance of a cause of action and would be tantamount to determining the legal sufficiency of the pleading, rather than its mere correctness. (*Walter* v. *Fowler,* 85 N. Y. 621.) In view of the fact that the plaintiffs will be directed to serve an amended complaint in accordance with the foregoing views, such amended complaint should dispose of the objections raised in the second branch of this motion, except that it might be pointed out that all references to the Bliss Holding Corporation and Ercla Realty Corp. shall be eliminated in any event. In other respects, this branch of the application is denied.

(C) The third branch of the motion which seeks to amend the title of the action so far as the defendant's corporate title is concerned, must, of course, be granted.

Accordingly, the plaintiffs are directed to serve an amended complaint within ten days after service of a copy of the order to be entered hereon, in compliance with rule 90 of the Rules of Civil Practice, as aforesaid. The disposition of this motion shall be without prejudice to defendant's right to challenge the sufficiency of any of the causes of action pleaded in the amended complaint.