**MUTUAL LIFE INS. CO. OF NEW YORK**

v.

**SIMON.**

United States District Court
S. D. New York.
March 30, 1954.

Haughton Bell, New York City (Arthur Kaiser, Richmond Hill, N. Y., Carl F. Hollander, New York City, of counsel), for plaintiff.

Leon Wasserman, New York City, for defendant.

WEINFELD, District Judge.

Plaintiff seeks to reform a policy issued by it to the defendant, its assured, so as to correct the amount stated on page 1 of the policy as the single sum payable upon an endowment maturity from "Fifty Seven *Thousand* Ninety-Eight and 26/100 Dollars" ($57,098.26) to "Fifty Seven *Hundred* Ninety Eight and 26/100 Dollars" ($5,798.26). The

plaintiff alleges that the amount inserted in the policy is the result of an inadvertent error by its scrivener. A second and alternative claim for a declaratory judgment is also asserted.

 The defendant moves under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to strike various allegations of the complaint which particularize the circumstances surrounding the issuance of the policy. These include, for example, a reference to the fact that $5,798.26, the sum alleged to be the correct "Single Sum" annuity is in conformity with (a) the amount shown on plaintiff's Rate Book; (b) another policy issued to the defendant in December 1944, when the one sued upon herein was issued; and (c) all other policies issued in 1944 and 1945 on the same plan. Undoubtedly, some evidentiary matter has been alleged, and the complaint might well have been shortened to meet the requirement of a "short and plain statement of the claim" as specified in Rule 8(a) (2); but in view of Rule 9(b), which provides that "the circumstances constituting fraud or mistake shall be stated with particularity", the averments will be permitted to stand. A number of allegations seek to establish that the error was so palpable and egregious that the defendant well knew of the error.[1] In the absence of prejudice to the defendant, and none has been shown, the allegations tending to support plaintiff's claim will be permitted to stand.[2]

The alternative claim for a declaratory judgment is properly pleaded and no substantial reason has been advanced to strike it.[3] If plaintiff's allegations are true, the defendant is seeking a windfall due to a scrivener's error. In this circumstance we follow Rule 8(f)

of the Federal Rules of Civil Procedure: "All pleadings shall be so construed as to do substantial justice."

The motion is denied.

Settle order on notice.

---

1. Cf. Moffett, Hodgkins & Clarke Co. v. City of Rochester, 178 U.S. 373, 20 S.Ct. 957, 44 L.Ed. 1108.

2. Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., D.C.S.D.N.Y., 2 F.R.D. 305.

3. Cf. Rules 8(a) and 8(e), Federal Rules of Civil Procedure, 28 U.S.C.A.