**Charles WALDER et al., Plaintiffs,**

v.

**PARAMOUNT PUBLIX CORPORATION et al., Defendants.**

United States District Court
S. D. New York.

Oct. 18, 1955.

Henry Pearlman, New York City (Philip Handelman, New York City, of counsel), for plaintiffs.

E. Compton Timberlake, New York City, of counsel, for all defendants.

Louis Phillips, New York City, for defendants Paramount Pictures, Inc. (in dissolution), Paramount Pictures Corp., Paramount Film Distributing Corp.

J. Miller Walker, New York City, for defendant RKO Radio Pictures, Inc.

Robert W. Perkins, New York City, for defendant Warner Bros. Pictures Distributing Corp.

Herbert B. Lazarus, New York City, for defendant American Broadcasting-Paramount Theatres, Inc. (formerly named as referred to in complaint as United Paramount Theatres, Inc.).

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendant Twentieth Century-Fox Film Corp., a New York corporation (in dissolution).

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp.

WEINFELD, District Judge.

█ The prior motion for summary judgment resulting in the dismissal of the individual claims and that of the trustees of Tivoli Theatre, Inc. was not, and the consent motion is not, as is intimated in the moving papers, based upon "technical" considerations. 132 F.Supp. 912. The claim for treble damages in favor of Tivoli Theatre, Inc. by reason of alleged anti-trust violations by the defendants was the chose in action of that corporation. The fact that it was a "family corporation" or that the individual plaintiffs were its "sole and only investors" did not give them coordinate right or standing with the corporation to sue for the claimed damages, even though they might have owned 100% of the stock.[1] The dismissal of the claim of Tivoli Theatre, Inc., a dissolved corporation, brought in the name of its last Board of Directors as trustee, was compelled by the provisions of the Florida statute.

█ The present motion seeks leave to serve an amended complaint to plead an oral assignment by Tivoli Theatre, Inc. of its claim to the individuals constituting its former stockholders, allegedly made eighteen years ago either contemporaneously with or prior to Tivoli's dissolution. It is made on the eve of trial after this action has been pending four years. The motion is clearly born of the exigency created by the dismissal of the Tivoli Theatre, Inc. claim. The claimed parol assignment is contradicted by statements made and positions taken by the individual plaintiffs and their attorneys in prior affidavits or depositions in this action. Significantly, there is no direct categorical statement made of any assignment, either oral or written, by the corporation to the individuals, but a suggestion that there was an intention to make an oral assignment. Thus one of the individuals states that the assignment "was always in the minds of the Walders [the stockholders] during the life of the corporation"; again that it was "always intended" that the rights of the corporation should be transferred to them. This Court has always liberally applied the mandate of Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., that leave to amend "shall be freely given when justice so requires"; but to allow this amendment, which flies in the face of prior positions and sworn statements of the individuals who now seek leave to amend, would not promote the interests of justice but, on the contrary, would serve to encourage endless litigation. The present belated claim of an intended oral assignment, if allowed, would also permit the individual plaintiffs, the stockholders, to use the corporation at will both as a sword and a shield.[2]

█ In the exercise of discretion the motion is denied. This makes it unnecessary to consider the defendant's contention that an oral assignment by a corporation to its stockholders is invalid under Florida law.

Settle order on notice.

1. Productive Inventions, Inc., v. Trico Products Corp., 2 Cir., 224 F.2d 678, and other cases cited in Walder v. Paramount Publix Corp., D.C., 132 F.Supp. 912.

2. Cf. In re Sun Cab Co., D.C., 67 F.Supp. 137.