**ERONE CORPORATION et al.,**
**Plaintiffs,**

v.

**SKOURAS THEATRES CORPORATION,**
**et al., Defendants.**

United States District Court
S. D. New York.
March 20, 1956.

Bernard Bernstein, New York City, for plaintiffs.

Weisman, Allen, Spett & Sheinberg, New York City, Zalkin & Cohen, New York City, for defendants.

WEINFELD, District Judge.

The defendants, prior to answer, attack upon various grounds an amended complaint wherein ten separate corporations are joined as plaintiffs in a single count seeking treble damages for alleged anti-trust violations. The plaintiffs are also joined in a second claim for injunctive relief. Plaintiffs acknowledge they are asserting separate and not joint claims.

The action revolves about seven motion picture theaters located in Nassau County, New York. Five of the plaintiffs each own or owned a single motion picture theater, leased to one and op-

erated by another of the defendants. These plaintiffs are referred to hereinafter as the landlord plaintiffs. As to the other two theaters, at various times three of the plaintiffs were or are operators and exhibitors but not the owners; and two plaintiffs were both operators and owners.

The complaint charges, in the main, various unlawful combinations and conspiracies to eliminate and suppress competition in the exhibition of motion pictures and in the operation, management, leasing, ownership and building of theaters exhibiting motion pictures in Nassau County, New York and in the metropolitan area; that such conduct has resulted in unlawful restraint of trade and monopoly in said fields to the injury of the public and to the damage of each plaintiff.

There lurks in the case, as all counsel are aware, a substantial question as to whether the landlord plaintiffs—those who have never operated any of the theaters—were or are engaged in trade and commerce within the meaning of the antitrust laws and are parties injured in their businesses by reason of anything forbidden under those statutes. The status of each landlord plaintiff and its relationship to one or more of the motion picture theaters poses the question as to whether damages are incidental and too remote to sustain a cause of action.[1]

So, too, issues exist with respect to the owner-operator corporations, which are not present in the instance of the other plaintiffs whose sole activities were the operation of theaters and the exhibition of films.

■ The complaint as drawn obscures these and other issues and makes difficult their proper consideration. Not only have the plaintiffs been grouped together in a single count although their claims are admittedly individual and separate but their business activities have likewise been lumped together in a catch-all allegation that they are and have been "engaged in the business of managing, operating, leasing, owning and building motion picture theaters and exhibiting motion picture films." The situation is aggravated by a further allegation that all the plaintiffs constitute a theater chain of affiliated corporations the majority stock "of which is directly or indirectly owned by one family * * * known * * * as the Calderone Circuit * * * [which] has * * * been engaged in the business of managing, operating, leasing, owning and building motion picture theaters and exhibiting motion picture films * * *." Thus the complaint fails to allege with respect to each corporation its specific business or activity during the period the alleged antitrust conduct occurred.

It is apparent that there may be defenses available to the defendants which are applicable to one or more plaintiffs but not to the others—not alone on the issues noted but also under the statute of limitations. Accordingly, the plaintiff is directed to serve a further amended complaint separately stating and numbering each claim on behalf of each plaintiff corporation. This will serve to bring the issues within proper compass. And in an antitrust suit it is particularly important that the issues be concisely delineated to keep the case within bounds.[2] A correct pleading will not only serve the interests of the litigants but also the

1. Cf. Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C.S.D.N.Y., 30 F.Supp. 389, affirmed on opinion below, 2 Cir., 113 F.2d 114; Harrison v. Paramount Pictures, Inc., D.C.E.D.Pa., 115 F.Supp. 312, affirmed 3 Cir., 211 F.2d 405, certiorari denied 348 U.S. 828, 75 S.Ct. 45, 99 L.Ed. 653; Productive Inventions, Inc., v. Trico Products Corp., 2 Cir., 224 F.2d 678; Walder v. Paramount Publix Corp., D.C.S.D.N.Y., 135 F.Supp. 228.

2. Cf. New Dykman Theatre Corp. v. Radio-Keith-Orpheum Corp., D.C.S.D.N.Y., 16 F.R.D. 203, 205.

public interest by avoiding an unnecessary trial should it appear that some of the plaintiffs are without standing to sue for treble damages.

In serving the amended complaint there shall be omitted any reference, as now contained in Paragraph 4, to the plaintiffs constituting a "theater chain" or that they constitute a "circuit". There is no entity known to law as a circuit. It is neither individual, partnership, firm, corporation nor association. Damage, if any, suffered by a plaintiff is individual.

Also the complaint shall specify with respect to each plaintiff the nature of the business it was engaged in during the period the acts complained of occurred, specifying whether it was in the business of (a) managing, (b) operating, (c) leasing, (d) owning or (e) building motion picture theaters and exhibiting motion picture films; the respective dates of such activity or activities; the nature of its relationship to each theater mentioned in the complaint and the period thereof. Further, if such be the fact, the specific business in which the plaintiff intended to engage if it be claimed it was prevented from so doing by the alleged wrongful conduct of the defendants.[3] If a plaintiff asserts a claim for damage other than damage to a specific theater the complaint shall so state and enumerate the bases of the claim for such damage. Finally, if plaintiff intends to reallege the phrase "under duress" now appearing in Paragraph 8 he shall set forth the underlying facts upon which the claim is based.[4]

The allegations now contained in Paragraph 22 that one of the defendants stated certain agreements were illegal and violated the antitrust laws has no place in a complaint and shall be omitted from the further amended complaint.

The foregoing disposition makes it unnecessary to consider other aspects of the defendants' motion.

Settle order accordingly.

---

**3.** American Banana Co. v. United Fruit Co., 2 Cir., 166 F. 261, 264, affirmed 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826; Triangle Conduit & Cable Co. v. National Elec. Prod. Corp., 3 Cir., 152 F.2d 398.

**4.** Cf. Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A.