**PRODUCTIVE INVENTIONS, Inc., a corporation, Appellant,**

v.

**TRICO PRODUCTS CORPORATION, a corporation, Appellee.**

No. 276, Docket 23461.

United States Court of Appeals Second Circuit.

Argued June 7, 1955.

Decided July 20, 1955.

Herbert A. Bergson and Daniel J. Freed, Washington, D. C. and David L. Landy, Buffalo, N. Y. (Bergson & Borkland, Washington, D. C. and Moot, Sprague, Marcy & Gulick, Buffalo, N. Y., on the brief), for appellant.

Raichle, Tucker & Moore, Buffalo, N. Y. (Frank G. Raichle and James O. Moore, Jr., Buffalo, N. Y., on the brief), for appellee.

Before CLARK, Chief Judge, CHASE, Circuit Judge, and RYAN, District Judge.

RYAN, District Judge.

Plaintiff appeals from an order granting defendant's motion for partial summary judgment and from the judgment entered thereon dismissing Count I of its complaint against defendant Trico Products Corporation (Trico) seeking treble damages for violation of Section 3 of the Clayton Act and Section 2 of the Sherman Act. The District Judge having made the required finding of finality under Fed.Rule 54(b), 28 U.S. C.A., the appeal is properly before us.

Appellant is the patentee of certain patents on windshield wiper components for motor vehicles on which it granted an exclusive license to the Anderson Company ("Anco") to manufacture and sell under the patents. Appellant's sole interest in the patents is limited to its right to receive royalties on Anco's sales.

Appellee Trico is in competition with Anco in the manufacture and sale of windshield wipers and their components, and also engages in some experimental work and has an interest in certain patents on the devices it markets.

The count in the complaint with which we are concerned seeks treble damages alleging that appellant's royalties have been reduced by reason of Trico's selling its products upon condition that purchasers would not deal with Trico's competitors, including Anco. Judge Knight ruled that appellant had no standing to sue for treble damages because its loss was "beyond the limit of injuries cognizable under the anti-trust laws." We agree with this holding.

█ The limited question here presented is: Is a patentee who has granted to another an exclusive license for the term of the patent, upon a royalty basis, a "person * * * injured in his business or property" (within the meaning of Section 4 of the Clayton Act) so as to enable him to recover treble damages for loss of royalties on sales that might have been made by its licensee save for the anti-trust violations of defendant? We hold he is not.

█ Those harmed only incidentally by anti-trust violations have no standing to sue for treble damages; only those at whom the violation is directly aimed, or who have been directly harmed may recover. As stated by the Ninth Circuit in Conference of Studio Unions v. Loew's, Inc., 193 F.2d 51, at page 55:

"Recovery and damages under the anti-trust law is available to those who have been directly injured by the lessening of competition and withheld from those who seek the windfall of treble damages because of incidental harm."

Shareholders and officers of corporations as well as creditors and landlords have been held not to have standing to sue for treble damages. Loeb v. Eastern Kodak Co., 3 Cir., 183 F. 704; Gerli v. Silk Ass'n of America, D.C., 36 F.2d 959; Corey v. Boston Ice Co., D.C., 207 F. 465; Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C., 30 F.Supp. 389, affirmed, 2 Cir., 113 F.2d 114. Undoubtedly, such persons suffer some financial loss when anti-trust violations are directed against the corporations in which they have an interest. But not every financial loss due to an anti-trust violation, however remote, gives a right of action.

The situation here presented is akin to the cases above cited, and we think falls squarely within the rule denying relief for incidental damages. In Harrison v. Paramount Pictures Inc., D.C., 115 F. Supp. 312, affirmed, 3 Cir., 211 F.2d 405, the owner of a theatre had leased it under a guaranteed rental plus a percentage of the profits derived from its operation. The owner brought a treble damage suit claiming diminution in rental because of defendants' conspiracy to deny profitable pictures to the theatre. Judge Kirkpatrick, in a reasoned opinion that was accepted by the Third Circuit, ruled that the owner had no "right" to increased rentals by the showing of

first-run pictures, but only a "hope" that such pictures would increase the theatre's income. Thus, any financial loss suffered by the plaintiff was only incidental to the acts complained of. Here, too, the appellant has no standing under the anti-trust laws to complain of the incidental loss of royalties by activities of Trico, not directed at it.

No hard and fast rule can be laid down in these situations as the line between direct and incidental damage is not always definable with clarity. All we here determine is that under the facts pleaded appellant has no right to recover treble damages.[1]

Affirmed.

1. While we are not now called upon to decide, we must express considerable doubt as to two observations by Judge Knight in his opinion below: (1) if Anco recovers, it would be liable over to appellant for loss of royalties, and (2) recovery by appellant would "doubly enrich" the principal stockholder of Anderson (Anco). Neither observation seems to us to be valid as a matter of law.