**J. Thomas MILEY**

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Boston Mutual Life Insurance Company, Columbian National Life Insurance Company, Loyal Protective Life Insurance Company, Monarch Life Insurance Company, New England Mutual Life Insurance Company, Paul Revere Life Insurance Company, State Mutual Life Assurance Company of Worcester, Clarence W. Wyatt, Edward A. Green, Alan R. Willison, John Hill, Theodore W. Fabisak, Joseph A. Humphreys, John M. Deely, Horace Gooch, Jr. and Carl A. Sheridan.**

Civ. A. No. 56-682.

United States District Court
D. Massachusetts.

Jan. 18, 1957.

Order Affirmed April 11, 1957.
See 242 F.2d 758.

Devine, York & Volpe, Boston, Mass., for plaintiff.

Charles K. Dunn, Boston, Mass., for defendant Fabisak.

Choate, Hall & Stewart, Boston, Mass., for defendants New England Mut. Life Ins. Co., Paul Revere Life Ins. Co., Monarch Life Ins. Co., and John Hill.

Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendants State Mut. Life Assur. Co. and Alan R. Willison.

Lyne, Woodworth & Evarts, Boston, Mass., for defendants John Hancock, Monarch Life Ins. Co., Boston Mut. Life Ins. Co., Clarence W. Wyatt, Edward A. Green.

Withington, Cross, Park & McCann, Boston, Mass., for defendant Columbian Nat. Life Ins. Co. and Loyal Protective Life Ins. Co.

George Fingold, Atty. Gen., Joseph H. Elcock, Jr., Asst. Atty. Gen., for defendants Theo. W. Fabisak, Joseph A. Humphreys, J. A. Deely, Horace Gooch, Carl A. Sheridan.

Warren C. Lane, Jr., Worcester, Mass., for defendant Horace Gooch, Jr.

FORD, District Judge.

This is an action brought under the Sherman Antitrust Act, §§ 1, 7, 15 U.S. C.A. §§ 1 and 15 note. Plaintiff is an in-

surance broker licensed in Massachusetts. Defendants are eight Massachusetts insurance companies, four individual officers of such companies, and the five members of the state employees' group insurance commission established by Mass.G.L. Ch. 32A (hereinafter called the commission).

The allegations of the complaint may be summarized as follows. The members of the commission invited life insurance companies doing business in Massachusetts to submit by December 1, 1955, bids or proposals for group life, accidental death and dismemberment insurance, and group hospital, surgical and medical coverage for employees of the Commonwealth in accordance with specifications established by the commission. Miley arranged for submission of a joint bid by Minnesota Mutual Life Insurance Company (hereinafter called Minnesota), a Minnesota corporation licensed to do business in Massachusetts, and Blue Cross and Blue Shield. Minnesota under this proposal offered a rate of 90 cents per month per thousand dollars on the life, accidental death and dismemberment portions of the plan. Among the other proposals submitted was a joint bid by the insurance company defendants (except Boston Mutual Life Insurance Company hereinafter called Boston), which included a rate of $1.20 for that portion of the insurance covered by Minnesota's 90 cent rate.

It is alleged that thereupon the members of the commission ascertained that Blue Cross and Blue Shield would provide the same medical, surgical and hospital coverage included in its offer with Minnesota in conjunction with any insurance company offering a rate as low as Minnesota's for the life, accidental death and dismemberment coverage. It is then charged that the defendants (except Boston) entered into a combination or conspiracy to equal or better Minnesota's offer and deprive Minnesota of the contract, that the various insurance companies involved could not offer a rate below the $1.20 rate they had filed with the insurance commissioner of New York without jeopardizing their right to do business in that state, that thereupon Boston, which did not do business in New York, was brought into the combination, that Boston submitted an offer at the 90 cent rate and was awarded the contract by the members of the commission, and thereupon allotted 95 per cent of the insurance to the other defendant companies by way of reinsurance.

Plaintiff alleges that he suffered injury because as a result of this combination or conspiracy Minnesota failed to receive the contract and as a result plaintiff was deprived of compensation he would have received for servicing this contract and of commissions and service fees for new business which would have resulted had said contract been awarded to Minnesota.

Defendants move to dismiss, urging several grounds in support of their contention that complaint fails to state a claim upon which relief may be granted under the Sherman Act.

The first issue is as to the effect of the McCarran-Ferguson Act, 15 U.S.C.A. §§ 1011–1015, providing for continued regulation and taxation of the insurance business by the states. Under § 1012(b) it is provided that the Sherman Act "shall be applicable to the business of insurance to the extent that such business is not regulated by State law."

Mass.G.L. Ch. 32A establishes a program of group insurance for the benefit of employees of the Commonwealth. It establishes the state employees group insurance commission with authority to establish such reasonable rules and regulations as may be necessary for the administration of the act. The chapter provided that the state commissioner of insurance, the official charged by statute with the administration of the state laws regulating the insurance business, shall be one of the five members of this commission. It provides in § 4 that the commission shall negotiate with and purchase, on such terms as it deems in the best interest of the Commonwealth and its employees, from one or more insurers a policy or policies for the insurance cov-

erages provided by the chapter. This chapter thus provides a statutory scheme of regulation covering the very transaction complained of here. The commission was not required to invite bids or to award contracts to the lowest bidder. It was required to negotiate with one or more prospective insurers before purchasing insurance, and was given broad discretion to purchase insurance on such terms as it deemed to be in the best interest of the Commonwealth and its employees. Assuming that what was done here by the defendants would under other circumstances constitute a conspiracy or combination violative of the Sherman Act, it was nevertheless done in the course of negotiation authorized and regulated by an applicable state law, and as to such transactions Congress has expressly provided that the Sherman Act shall not apply.

Further, Massachusetts not only provides a comprehensive statutory scheme for the regulation of all phases of the insurance business, Mass.G.L. Ch. 174A through 178, but has specifically included therein Ch. 176D, whose purpose is set forth in § 1 thereof as the regulation of trade practices in the business of insurance in accordance with the intent of Congress as expressed in the act of March 9, 1945 (Public Law 15, 79th Congress)—the McCarran-Ferguson Act, *supra*. The chapter defines certain unfair methods of competition including some acts tending to unreasonable restraint or monopolizing of the insurance business, and sets up a procedure for the determination that any other act or practice in the business not specifically so defined is unfair or deceptive and hence forbidden. This chapter is an additional ground for holding that the transaction set forth in the complaint is one regulated by the law of Massachusetts and hence removed from the application of the Sherman Act.

There is no allegation that the defendants violated any Massachusetts law regulating this transaction (except for a charge that Boston under its charter could not legally enter into a contract for this type of insurance) or that the contract was not fully as advantageous to the Commonwealth or its employees as any other that could have been negotiated. In any event the fact that the transaction was regulated by Massachusetts law removes it from the scope of the Sherman Act, and any violation of the state regulations is a matter solely of state law. Since diversity of citizenship is lacking, any relief to which plaintiff might be entitled under state law must be sought in the Massachusetts courts.

■ Moreover, it does not appear that plaintiff has alleged any injury to his business or property sufficient to entitle him to bring this action. The injuries alleged are remote and speculative. On the allegations of the complaint it was only Minnesota which was directly injured by the alleged conspiracy, since it lost a potential contract. It cannot be said, however, that it lost anything to which it was legally entitled. The commission was not required to award the contract to Minnesota on the basis of its low bid. It was clearly free to negotiate with other companies to get an equally low offer from some competitor. And even if the best rate it could get from any other company had been higher than that proposed by Minnesota, it could still have considered other factors than the rate in determining what would be in the best interest of the Commonwealth and its employees. For various reasons it could have preferred to deal with a Massachusetts company rather than one from another state.

Any loss which plaintiff says that he himself suffered is not a loss directly due to the acts of the defendants, but an indirect loss flowing from the failure to award the contract to Minnesota. He makes no claim to have been entitled to any commission for securing the contract itself. He does say that he lost fees which he would have received for servicing the policy. Moreover, he makes no allegation that he had any contract with Minnesota which would have given him a legal right to such fees rath-

er than a mere hope that he would be hired by Minnesota to service the policies and thus given a chance to earn the fees. The remaining item of loss of commissions and fees on future business to be done by Minnesota is even more speculative since it seems to be based only on the expectation that if Minnesota secured this contract with the Commonwealth, its prestige would be increased which might lead to an increase in its business here on which plaintiff might become entitled to fees and commissions. The injuries set forth thus seem to fall within the class of indirect and speculative injuries for which plaintiff cannot recover under 15 U.S.C.A. § 15 note. Melrose Realty Co., Inc., v. Loew's, Inc., 3 Cir., 234 F.2d 518; Productive Inventions, Inc., v. Trico Products Corp., 2 Cir., 224 F.2d 678.

■■ Certain further considerations are applicable only to the five defendants who are members of the commission. They are described as such in the complaint and the only actions by them which are set forth therein are actions taken in the carrying out of their official duties as agents of the Commonwealth for the negotiation of contracts under Mass.G.L. Ch. 32A. It is not contended that Ch. 32A, under which they acted, is invalid, or that their actions invade any constitutional rights of plaintiff. Even though Massachusetts itself is not named, the action against its official agents, based on their official acts in carrying out their duties under the statute is in substance an action against the state itself, and hence one to which the jurisdiction of this court, in the absence of any waiver by the state of its immunity, does not extend. Worcester County Trust Co. v. Riley, 302 U.S. 292, 296, 58 S.Ct. 185, 82 L.Ed. 268; Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842. In any event the Sherman Act does not apply to the activities of a state or to the activities of its officers directed by the state legislature. Parker v. Brown, 317 U.S. 341, 350, 351, 63 S. Ct. 307, 87 L.Ed. 315.

Defendants' motions to dismiss are allowed.