**ERONE CORPORATION et al., Plaintiffs,**

**v.**

**SKOURAS THEATRES CORPORATION et al., Defendants.**

United States District Court
S. D. New York.
Sept. 5, 1957.

See also 22 F.R.D. 494.

Bernard Bernstein, New York City, for plaintiffs.

Weisman, Allan, Spett & Sheinberg, New York City, for Skouras Theatres Corporation, Metropolitan Playhouses, Inc., Jamaica Theatre Company, Inc., Grenek Realties, Inc., Merja Realties, Inc. and George P. Skouras, referred to as the "Skouras defendants".

Zalkin & Cohen, New York City, for Combined Century Theatres, Inc., Century Circuit, Inc. (Del.), Century Management Corporation, Frankstram Realties, Inc., Rock-Brook Realties, Inc., Sunny-Bliss Realties, Inc., Celtic Realty, Inc., Mansett Realty Corporation, Fourtown Realty Corporation, Threesite Realty Corporation and Wayne Realty Corporation, referred to as the "Century defendants".

CASHIN, District Judge.

Two separate sets of defendants herein, prior to answer, move against a "Further Amended Complaint" on various grounds. Because of the numerous grounds for the motion and their interrelation, each will be considered separately after a summary of the relevant facts as alleged in the further amended complaint.

Plaintiffs all seek to recover treble damages and injunctive relief under the anti-trust laws. Five of the plaintiffs have been, for varying periods of times covered by the complaint, the owners of five different theatres and lessors thereof on a minimum rental plus percentage of gross profits basis to one of the defendants, its predecessor in interest or an instrumentality of the defendants. The other five plaintiffs have, at various times as specified in the complaint, been either owner-operator-managers or operator-managers of two other theatres. All of the theatres are located in Nassau County, New York. Defendants are in the business of owning, leasing, managing and/or operating motion picture theatres in the same general area wherein plaintiffs' theatres are located and in surrounding areas. Defendants, since September 1, 1934, have been engaged in

various unlawful conspiracies to monopolize "preferred runs" of motion pictures and to pool competitive theatres controlled by them, to the injury of the public and to the direct injury of the respective businesses and properties of each of the plaintiffs.

Motion Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [28 U.S.C.A.] to dismiss the Further Amended Complaint for Failure to Comply with an Order of the Court Dated March 28, 1956 (Item No. 5 of Motion No. 96 and Item No. 1 of Motion No. 95) or to Dismiss the Further Amended Complaint Pursuant to Rule 8(a)(2) for Failure to State a Short and Plain Statement of Each Individual Claim (Item No. 6 of Motion No. 96) or to Direct a Further Amended Complaint in Accordance with the Aforementioned Order of the Court of March 28, 1956 (Item No. 7 of Motion No. 96, Item No. 5 of Motion No. 95).

A prior amended complaint was attacked successfully by defendants resulting in an order directing the service of a further amended complaint, D.C., 19 F.R.D. 299. The first amended complaint was found defective because it did not allege the precise relationship of each of the plaintiffs to the theatres in question, nor the periods of such relationship.

Paragraph 4 of the further amended complaint clearly delineates the interest of each plaintiff and the time period covered. This is precise compliance with Judge Weinfeld's order of March 28, 1956.

Another defect in the first amended complaint was that it did not separately state and number the claims of each of the plaintiffs who were concededly asserting separate claims. Defendants now contend that plaintiffs' further amended complaint complies only formally with the direction to separately state and number but ignores its substance. The contention is, however, unsound. The conspiracies pleaded are alleged to have affected adversely all of the plaintiffs. Their incorporation by reference in the separate claims is, therefore, to be the subject of commendation rather than condemnation since needless repetition is thereby avoided. The only paragraphs in the general allegations, namely, 8 through 10, which do not have application to all plaintiffs, have been omitted from incorporation by reference in the claims stated by those plaintiffs. One contention of the defendants is technically well taken, that is, the fact that paragraph 4 of the further amended complaint, incorporated by reference in each of the separate claims, defines the status of each of the plaintiffs. However, no confusion or prejudice whatsoever can arise from this technical defect and thus does not warrant a dismissal of the complaint with prejudice or the direction of the service of another amended complaint.

The motion to dismiss the further amended complaint pursuant to Rule 8(a)(2) is equally without merit. The facts upon which plaintiffs rely, and their applicability to each of the plaintiffs, is clearly and concisely stated, at least insofar as the nature of the action permits.

Motion to Dismiss the Action as to Plaintiffs, Erone Corporation, Hempstead Theatre Corporation, Rivoli Theatre Corporation, Glen Cove School Street Corporation and Calderone Valley Stream Corporation, on the Grounds that the Claims of These Plaintiffs Fail to State Claims Upon Which Relief Can Be Granted (Rule 12(b)(6) of Federal Rules of Civil Procedure) or that the Court Lacks Jurisdiction Over the Subject Matter Since the Claims Do Not Arise under Any Federal Statute (Rule 12(b)(1) of Federal Rules of Civil Procedure) (Item No. 2, Motion No. 95; Item No. 1, Motion No. 96).

Both grounds for this motion rest upon the proposition that a non-operating owner-lessor of a theatre has no standing to sue for treble damages

for violation of the anti-trust acts since he is not injured in "his business or property" within the meaning of Section 4 of the Clayton Act (15 U.S.C.A. § 15) nor has he standing to seek injunctive relief under Section 16 of the Clayton Act (15 U.S.C.A. § 26) since there is no threatened loss or damage. While no direct authority exists in this circuit on the proposition involved herein, other circuits have considered the problem with varying views. Thus, the Third Circuit has denied relief to a non-operating owner-lessor - (Harrison v. Paramount Pictures, Inc., D.C.E.D.Pa.1953, 115 F. Supp. 312, affirmed 1954, 211 F.2d 405, certiorari denied 348 U.S. 828, 75 S.Ct. 45, 99 L.Ed. 653; Melrose Realty Co., Inc. v. Loew's Incorporated, 1956, 234 F. 2d 518, certiorari denied 352 U.S. 890, 77 S.Ct. 128, 1 L.Ed.2d 85) while the Ninth and Seventh Circuits have allowed the relief, at least if the lessee of the theatre is engaged in the conspiracy (Steiner v. Twentieth Century-Fox Film Corp., 9 Cir., 1956, 232 F.2d 190; Congress Building Corporation v. Loew's Inc., 7 Cir., 246 F.2d 587). The last cited case has reviewed the authorities and their reasoning exhaustively and since I am in full agreement with the reasoning and result of the case, I shall deny the motion on the authority of that case.

Motions to Dismiss the Claims of Plaintiffs, Calderone-Mineola Theatre Corporation, Westbury Theatre Corporation, Mineola Theatre Operating Co., Inc., Calderone Rivoli Operating Corp. and Hempstead Operating Co., Inc., on the Grounds that They Fail to State a Claim upon Which Relief Can Be Granted (Rule 12(b) (6) of Federal Rules of Civil Procedure) (Items No. 2 and No. 3, Motion No. 96; Item No. 3, Motion No. 95).

■ The first question involved on these motions is whether the owners of the two theatres considered can recover damages for the periods when said theatres were being operated and managed by others. On this question I am con-strained to follow the decision of the Court of Appeals of the Second Circuit in the case of Productive Inventions, Inc., v. Trico Products Corp., 1955, 224 F.2d 678, certiorari denied 350 U.S. 936, 76 S. Ct. 301, 100 L.Ed. 818. In that case a patentee was denied standing to sue under the anti-trust statutes on the ground that his damages were too incidental when the business or property right asserted was the right to collect royalties from a licensee who was a victim of the complained of acts. While the plaintiff-owners were merely landlords, even if the leases were on a percentage basis, their position is precisely the same as the patentee in the Productive case and so their claims must be dismissed.

■ The claims of the operators and managers of the two theatres will, however, stand. Defendants' arguments that the complaint should be dismissed as to them is based on the theory that they are merely employees of the owner and thus only incidentally injured. The complaint, properly interpreted, however, makes it clear that the actions are brought by exhibitors who are clearly entitled to sue.

The argument that the leasing and ownership of theatres is not interstate commerce and thus restraint in regard thereto cannot be availed of by the operator-plaintiffs is without merit. The acts of owning and leasing theatres by the defendants are part of the over-all conspiracies alleged to have damaged the operator-plaintiffs. Other activities of the defendants, concededly in interstate commerce, are vitally connected with the intra-state activities complained of. Portions of the motions requesting dismissal of the complaint in this regard or the striking of such portions is denied.

Motion to Dismiss the Complaint on the Ground that All Injuries Suffered as Alleged Therein Are Barred by the Statute of Limitations (Item No. 4, Motion No. 96) or to Dismiss So Much of the Claims as Accrued Prior to Six Years Before the Insti-

tution of the Action (Item No. 4, Motion No. 95).

The first portion of this motion is obviously without merit since the complaint alleges not only a continuance of the conspiracy but a continuance of acts in furtherance thereof until the date of the complaint. The second portion will also be denied. Defendants may plead the statutes of limitations which they deem applicable. What damages are precluded by such statutes will be decided at the trial of the action.

Motion for a More Definite Statement (Item No. 8, Motion No. 96).

All the specifications requested by this motion may be obtained by discovery proceedings if, indeed, the specifications are necessary at all.

Motion to Strike Portions of the Complaint as Immaterial and Impertinent (Item No. 9, Motion No. 96).

A portion of Paragraph 8 of the complaint is requested to be stricken only as to certain defendants. Defendants seeking to have this portion stricken with regard to them contend that the duress was exercised only by other defendants and therefore cannot be availed of as against the moving defendants. However, Paragraph 10 of the complaint states "each of the other defendants named herein has had full knowledge of the various agreements referred to in Paragraphs 8, 9 and 10 hereof". Clearly the intendment of the quoted sentence is to allege that all of the defendants participated in the acts leading up to the agreements. Thus, the duress actively imposed by the defendants named in Paragraph 8 is also ascribed to the moving defendants. The portion of Paragraph 8 sought to be stricken will stand.

Paragraph 22 is sought to be stricken as evidentiary. Even if the allegations were merely evidentiary, defendants show no prejudice to them by their inclusion. The paragraph, therefore, will stand.

Except as set out above, the motions are denied.

Settle orders.