**NORGE SALES CORPORATION,**
Plaintiff,

v.

**G & W DISTRIBUTING COMPANY, Inc.,
Walter Markovsky, George Markovsky, Defendants.**

Civ. No. 37394.

United States District Court
N. D. Ohio, E. D.

June 29, 1962.

---

Manchester, Powers, Bennett & Ullman, Youngstown, Ohio, Squire, Sanders & Dempsey, Cleveland, Ohio, John Ranz, Youngstown, Ohio, and Laurence Oliphant, Jr., Cleveland, Ohio, of counsel, for plaintiff.

Nadler & Nadler, Youngstown, Ohio, and Lane, Krotinger & Santora, Cleveland, Ohio, Myron Krotinger, Cleveland, Ohio, of counsel, for defendants.

GREEN, District Judge.

Plaintiff brought this action for breach of contract seeking to recover damages from a former distributor of its products in the Youngstown, Ohio, area, alleging non-payment of account and failure to make a security deposit as called for in the contract. To this complaint defendant filed a motion for leave to bring in additional parties defendant and an answer and four counterclaims.

The first counterclaim alleges violation of the antitrust laws by plaintiff, and Graybar Electric Company and B. W. Acceptance Corporation, the new parties defendant sought to be joined by the defendants. Plaintiff and B. W. Acceptance Corporation are alleged to be wholly-owned subsidiaries of Borg-Warner Corporation.

The second counterclaim is against plaintiff only, alleging fraud in inducing defendants to enter into the contract in suit.

The third counterclaim is likewise against plaintiff only, alleging bad faith and breach of trust by plaintiff in terminating the contract. The right of termination was afforded both plaintiff and defendant on notice to the other party, by a specific contract provision.

The fourth counterclaim alleges a conspiracy between plaintiff and Graybar in violation of the antitrust laws.

Defendant has moved, under Rule 13 (h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order joining Graybar and B. W. as parties defendant to the counterclaim. Rule 13(h) provides:

"When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

On the briefs filed by the parties it appears that there is no problem in securing in personam jurisdiction over Graybar and B. W., and that their joinder will not deprive the court of juris-

diction. Thus the only question is whether their presence is required for a determination of counterclaims Numbers One and Four.

It has been held by Judge McNamee of this court that co-conspirators and/or joint tort-feasors are not indispensable parties to an action against one of their number, and thus they need not be joined under Rule 13(h) when an action is brought against one of them. Non-Ferrous Metals, Inc. v. Saramar Aluminum Co., 25 F.R.D. 102 (D.C.N.D. Ohio, 1960). That case, however, had the additional aspect that if joinder had been ordered the diversity jurisdiction of the court would have been lost. The court did not pass on the question whether the parties should be joined as proper, although not indispensable, parties to the action.

The apparent majority view is that joint tort-feasors may, in the discretion of the court, be joined under Rule 13(h). McNaughton v. New York Central Railroad, 220 F.2d 835 (C.A.7, 1955). It has been well said that:

> "The condition of Rule 13(h)— that the additional party be 'required for the granting of complete relief in the determination of a counterclaim'—should be liberally construed. 'Required' may be properly interpreted, in the context of Rule 13(h), to mean 'appropriate' or 'interested.' That interpretation accords with the basic canon of construction of the Federal Rules of Civil Procedure, Rule 1: 'They (the rules) shall be construed to secure the just, speedy and inexpensive determination of every action.'" Value Line Fund v. Marcus, 161 F. Supp. 533, 537 (D.C.S.D.N.Y.1958).

Cf: Delia Plastering v. D. H. Dave, 11 F.R.D. 304 (D.C.N.D.Ohio, 1951); Midwestern Mfg. Corp. v. American Colortype Co. (D.C.N.D.Ohio, CA 33704, Judge Weick, 1958, unreported).

It is the Court's opinion that Graybar and B. W. are appropriate parties to the action on defendant's counterclaim, and in fact should be represented therein by counsel to answer the charges regarding their conduct set forth in the counterclaims.

Defendants' motion to join Graybar Electric Company and B. W. Acceptance Corporation as defendants to original defendants' counterclaims is granted.