KANSAS CITY POWER & LIGHT COMPANY and St. Joseph Light & Power Company, Plaintiffs,

v.

I-T-E CIRCUIT BREAKER COMPANY, Defendant.

KANSAS GAS & ELECTRIC COMPANY, Plaintiff,

v.

I-T-E CIRCUIT BREAKER COMPANY, Defendant.

The KANSAS POWER & LIGHT COMPANY, Kansas Gas & Electric Company, Western Light & Telephone Company, Inc. and the Empire District Electric Company, Plaintiffs,

v.

I-T-E CIRCUIT BREAKER COMPANY, Defendant.

The KANSAS POWER & LIGHT COMPANY, Kansas Gas & Electric Company and the Empire District Electric Company, Plaintiffs,

v.

I-T-E CIRCUIT BREAKER COMPANY, Defendant.

KANSAS CITY POWER & LIGHT COMPANY and Missouri Public Service Company, Plaintiffs,

v.

I-T-E CIRCUIT BREAKER COMPANY, Defendant.

Civ. A. Nos. 13618-2, 13625-1, 13624-4, 13628-4, 13703-3.

United States District Court
W. D. Missouri.

Feb. 1, 1965.

Civ. A. Nos. 13618–2 and 13703–3:

Joseph J. Kelly, Jr., of Spencer, Fane, Britt & Browne, Kansas City, Mo., for plaintiffs.

Dick Woods, of Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for plaintiffs.

William H. Curtis of Morrison, Hecker, Cozad & Morrison, Kansas City, Mo., for defendant.

Civ. A. Nos. 13625–1, 13624–4 and 13628–4.

BECKER, District Judge.

ORDER GRANTING PLAINTIFFS' MOTION IN THE ALTERNATIVE TO TRANSFER

The five civil treble damage antitrust actions mentioned in the caption of this order are a part of massive multiple litigation of similar nature, filed in this and thirty other United States District Courts following indictments of manufacturers of electrical equipment in the Eastern District of Pennsylvania in 1960. These indictments charged separate conspiracies to fix prices and allocate markets in twenty separate products. See Neal and Goldberg, *The Electrical Equipment Antitrust Cases: Novel Judicial Administration,* 50 A.B.A.J. 621 (July 1964).

These five actions remain pending only against I-T-E Circuit Breaker Company, a corporation incorporated under the laws of Pennsylvania (hereinafter designated I-T-E). As a part of national settlement programs, all other defendants in these actions have compromised and settled the plaintiffs' claims for damages against them, and have secured formal orders of dismissal thereof.

I-T-E, which has been sued in thirty districts, has made no offers of any sum to any plaintiff, and is not seeking trial of any cases in which it is defendant here or elsewhere. These cases have been pending more than three years.

As a result of the National Discovery Program, described in the article by Neal and Goldberg, supra, and subsequently continued since the article was written, national discovery has been completed in all Power Switchgear Assembly cases and all Power Switching Equipment cases. Theses cases allege separate conspiracies in the following products:

| Cause No. | Product |
| --- | --- |
| 13618–2 | Power Switchgear Assemblies |
| 13624–4 | Power Switching Equipment |
| 13625–1 | Power Switchgear Assemblies |
| 13628–4 | Insulators |
| 13703–3 | Power Switching Equipment |

Each case involves the sale of such equipment by I-T-E. But liability of I-T-E is not limited by statute to sales by it, if it in fact conspired to fix prices and allocate markets with other sellers of such equipment. Settlement agree-

ments by other defendants may limit the liability of I-T-E.

On the Court's initiative, with the idea of reducing the number of trials against I-T-E for the convenience of parties and witnesses, in the interest of justice, an order was issued to the remaining parties in these actions to show cause why these actions should not be transferred to the Eastern District of Pennsylvania under Section 1404(a), Title 28 U.S.C.A.

Plaintiffs expressed unwillingness to accede to such transfer, voicing a desire to proceed with these cases in the Western District of Missouri. This was not unexpected since Pennsylvania was the domicil of the defendant I-T-E.

At the same time, the defendant I-T-E, astonishingly, also objected to transfer to its state of incorporation.

At this juncture plaintiffs filed this motion in the alternative to transfer these actions to the Northern District of Illinois, Eastern Division (Chicago) under Section 1404(a). It appears now that a number of cases pending there, involving the same alleged power switchgear assembly conspiracy involved in Causes Nos. 13618–2 and 13625–1, are set for trial on March 29, 1965. These Causes Nos. 13618–2 and 13625–1 may be simultaneously pretried and perhaps tried with the causes in Illinois now set for trial if promptly transferred there.

On the national level the evidence on the issues of alleged conspiracy in power switchgear assemblies, and alleged public injury therefrom, will not be materially different in any of the cases pending here and in Illinois and elsewhere.

▆ In ruling on the pending proceedings, consideration has been given to the convenience to the parties and witnesses in the interest of justice. On each of these subjects, considered separately and independently, it has been determined that plaintiffs' alternative motion should be sustained in Causes Nos. 13618–2 and 13625–1. Furthermore, considering these statutory grounds jointly

it has been determined that plaintiffs' alternative motion should be sustained in respect to Causes Nos. 13618–2 and 13625–1.

Some of the facts considered to be of importance are these:

(1) The convenience of witnesses, on the national issues of alleged conspiracy and its effect on prices charged by I-T-E, will be served by a central location for trial; and also, incidentally, by the possibility of reducing the number of appearances required if these cases can be consolidated for trial with pending cases set for trial in Chicago.

(2) The convenience of the parties will be served by reducing the cost of separate preparation of Power Switchgear Assembly cases by separate counsel in both Kansas City and in Chicago; and by accessibility of documents in defendants' National Document Depository located in Chicago for use in preparation and in trial.

(3) The interest of justice will be served by an early trial in Chicago permitted by the condition of its docket, and illustrated by the orders setting similar cases for trial in March 1965; and by concentrating these cases of national aspect in one jurisdiction, on the basis of product lines involved, so as to avoid endless repetitive trials in many jurisdictions. In fact only by doing so is there a hope of processing this unprecedented mass of litigation.

Other considerations do not support a refusal to transfer the Power Switchgear Assembly cases. No particular problem of court congestion in the transferee district is apparent. These are cases of national controversies between established corporations not local in interests, operations, or abilities. No problem of local law except possibly that involving admissibility of evidence is

involved. The evidentiary problem is not substantial or important.

Consideration has been given to all the standards recognized as proper in the following authorities and decisions therein cited. 1 Moore, Federal Practice ¶0.145[1, 4, 5, 6]; Wright, Federal Courts § 44; 1 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.) §§ 86–86.7.

It is concluded that causes Nos. 13618–2 and 13625–1 should be transferred to the Northern District of Illinois, Eastern Division, without delay; that ruling on plaintiffs' alternative motion to transfer Causes Nos. 13624–4, 13628–4, and 13703–3 should be and is hereby stayed.

Motions of defendant to defer the effective date of this order, and to invoke the powers of the Court under Section 1292(b), Title 28 U.S.C.A., are denied.

It is therefore

Ordered that Causes Nos. 13618–2 and 13625–1 be, and they are hereby, transferred under Section 1404(a) of Title 28, U.S.C.A. to the Northern District of Illinois, Eastern Division, without delay.