**CHECKER MOTORS CORPORATION,**
Plaintiff,

v.

**CHRYSLER CORPORATION and Chrysler Motors Corporation, Defendants.**

United States District Court
S. D. New York.

Sept. 22, 1965.

Shea, Gallop, Climenko & Gould, New York City, for plaintiff; Jesse Climenko and William Schurtman, New York City, of counsel.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for defendants; Robert Ehrenbard, Bud G. Holman and Joseph Edward Downs, New York City, of counsel.

METZNER, District Judge.

Plaintiff Checker Motors Corporation has brought an action under sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, against defendants Chrysler Corporation and Chrysler Motors Corporation. Defendants have counterclaimed alleging that Checker violated sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and sections 2, 3 and 7 of the Clayton Act as amended, 15 U.S.C. §§ 13, 14 and 18. They now move pursuant to Fed.R. Civ.P. 13(h) to bring in additional parties defendant on the alleged counterclaims.

■ Defendants must satisfy three prerequisites to invoke rule 13(h).

(1) That jurisdiction can be obtained of the additional defendants.

(2) Joinder will not deprive the court of jurisdiction of the existing action.

(3) The presence of the parties other than those to the original action is required for the granting of complete relief.

Plaintiff does not contest the jurisdictional prerequisites, but opposes defendant's motion solely on the ground that the additional parties sought to be brought in are not "required" for the granting of complete relief within the meaning of Fed.R.Civ.P. 13(h). Defendants have alleged by affidavit that the additional parties were key figures in the conspiracy charged in their counterclaim. Further, defendants maintain that the addi-

tional parties must be brought in so that complete injunctive relief may be had if defendants are successful on their counterclaim and in general to avoid multiplicity of actions.

■ Plaintiff first contends that the word "required" in Fed.R.Civ.P. 13 (h) restricts the rule to "indispensable" parties (parties whose rights or liabilities would be directly affected by a judgment in the action), and since the additional parties sought to be brought in are joint tort-feasors and not indispensable, Chrysler's motion should be denied. The view that the word "required" in Fed.R. Civ.P. 13(h) is synonymous with "indispensable" has been expressly rejected by this circuit. United Artists Corp. v. Masterpiece Productions, 221 F.2d 213 (2d Cir. 1955) (Clark, J.). Other decisions clearly support the view that joint tort-feasors or those jointly and severally liable may be added as parties defendant. See McNaughton v. New York Cent. R.R., 220 F.2d 835 (7th Cir. 1955); Reines Distrib. v. Admiral Corp., 39 F.Supp. 39 (S.D.N.Y. 1963); Norge Sales Corp. v. G & W Distrib. Co., 206 F.Supp. 827 (N.D.Ohio 1962). The general rule is therefore that a party will be adder under Fed.R.Civ.P. 13(h) if the addition is necessary to grant complete relief between those already parties.

Plaintiff next contends that because of the close corporate ties between Checker and those companies sought to be added, adequate relief could be had by Chrysler without joining the additional parties. Checker has given the court no case support for this argument and because of the complexity of the relations between Checker and the parties sought to be added, it is not clear at this time whether complete relief could be had solely against Checker Motors Corporation.

■ Finally Checker contends that Chrysler is merely trying to exhaust Checker by delaying the litigation and thus the court in its discretion should deny defendant's motion. While there is some support that once the three prereq-

uisites of Fed.R.Civ.P. 13(h) are met, the motion must be granted, S. P. A. Ricordi Officine Grafiche v. World Art Reproductions Co., 22 F.R.D. 312 (S.D. N.Y.1958), the court will consider plaintiff's contention. Checker claims that Chrysler is stalling this litigation by resurrecting a set of old Government charges which were dismissed in United States v. Yellow Cab Co., 80 F.Supp. 936 (N.D. Ill.1948), aff'd, 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150 (1949). This argument addresses itself more properly to whether Chrysler's counterclaim should be allowed at all rather than to whether additional defendants need be brought in. Prior to serving its reply to Chrysler's counterclaim, Checker might have made a motion to dismiss the counterclaim on the ground that it failed to state a claim upon which relief could be granted. See Fed.R.Civ.P. 12(b). Checker chose, however, to assert this defense in its reply. Thus, the question whether Chrysler is pouring stale wine in old bottles must await trial.

Motion granted. So ordered.