**STATE OF WASHINGTON et al.**

v.

**AMERICAN PIPE & CONSTRUCTION CO. et al.**

Civ. A. No. 3157,
W. D. Wash., S. D.

**WASHINGTON PUBLIC POWER SUP-PLY SYSTEM,**

v.

**AMERICAN PIPE & CONSTRUCTION CO. et al.**

Civ. A. No. 6568,
W. D. Wash., N. D.

**STATE OF OREGON et al.**

v.

**AMERICAN PIPE & CONSTRUCTION CO. et al., and all related cases.**

Civ. A. No. 65–266,
D. Or.

**The STATE OF CALIFORNIA et al.**

v.

**AMERICAN PIPE & CONSTRUCTION CO. et al., and all related cases.**

Civ. A. No. 43403,
N. D. Cal.

**UNITED STATES of America et al.**

v.

**AMERICAN PIPE & CONSTRUCTION CO. et al., and all related cases.**

Civ. A. No. 64–832,
C. D. Cal.

**CITY OF SAN DIEGO et al.**

v.

**AMERICAN PIPE & CONSTRUCTION CO. et al., and all related cases.**

Civ. A. No. 3396,
S. D. Cal.

United States District Court.
Jan. 10, 1968.

See also D.C., 274 F.Supp. 961.

Stanley E. Disney, Barbara J. Svedberg, Antitrust Division, Dept. of Justice, San Francisco, Cal., for the United States.

Ferguson & Burdell, Seattle, Wash., John W. Riley, Houghton, Cluck, Coughlin, Schubat &' Riley, Seattle, Wash., for end-user plaintiffs.

George W. Jansen, San Diego, Cal., for defendants.

MEMORANDUM AND ORDER ON DEFENDANT AMERICAN PIPE & CONSTRUCTION COMPANY'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS NOT BASED ON IDENTIFIED PURCHASES FROM AMERICAN

PENCE, District Judge.

In this civil treble damage antitrust action for alleged overcharges on the purchase of steel and concrete conduit pipe,[1] defendant American Pipe & Construction Co. (American) has moved pursuant to Rule 56(b) and (c), F.R.Civ.P., for an order granting summary judgment on the claims of all plaintiffs who do not have any identified transactions with American. These plaintiffs fall into four categories: (1) those who have not iden-

---

1. 15 U.S.C. §§ 1, 2 and 15.

tified any purchases, or have identified purchases only with named defendants (other than American) with whom settlement agreements have been reached; (2) those who have purchases from non-defendant, alleged co-conspirators; (3) those who have purchases from non-defendant, non-conspirators; and (4) those who have identified purchases from as yet unknown suppliers.

It is conceded that those plaintiffs in group (1), i. e., those who have not identified any transactions, or have identified purchases only from named defendants with whom plaintiffs have heretofore settled,[2] should be dismissed. Plaintiffs contest American's motion as it relates to the other three classes of claimants.

## I. *Purchases From Non-Defendant Co-Conspirators*

■ Plaintiffs are attempting to recover from American for injury sustained on purchases from alleged co-conspirators who were not named as defendants herein. American contends there is no legal precedent for such claims, and has moved this court to dismiss these causes as a matter of law.

It is well established that "a cause of action in a private antitrust suit for treble damages is a tort action * * *."[3] As stated in Northwestern Oil Co. v. Socony-Vacuum Oil Co., 138 F.2d 967,

970 (7 Cir. 1943), cert. denied 321 U.S. 792, 64 S.Ct. 790, 88 L.Ed. 1081 (1944),

"* * * [an] action under the Clayton Act is one in tort, not to recover an overcharge as such, but to collect damages sustained to plaintiff's property or business. Such damage arises, as Mr. Justice Holmes remarked in Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, when it is shown that the property of one complaining is diminished."

It is equally well established that co-conspirator, joint tort-feasors are jointly and severally liable for their acts.[4] Accordingly, numerous courts have held that an antitrust plaintiff need not sue all possible defendants but may choose which of the conspirators he will make party to the action.[5] Section 4 of the Clayton Act provides that "any person * * * injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor * * *."[6] Such an action will lie against all the parties committing the offense, but "* * * one charged as a member of a conspiracy to violate the anti-trust laws may not successfully claim the indispensability of his fellow conspirators * * *."[7] It is the fact of participation in the conspiracy which makes all participants liable for the victim's injury. Once damage has occurred, each co-conspirator is accountable for the dam-

---

2. Memorandum in Opposition to the Motion of Defendant American Pipe & Construction Co. for Summary Judgment, at pp. 2–3 (dated August 21, 1967).

3. Simpson v. Union Oil Co. of California, 311 F.2d 764, 768 (9 Cir. 1963), rev. on other grounds 377 U.S. 13, 84 S.Ct. 1051, 12 L.Ed.2d 98 (1964), rehearing denied 377 U.S. 949, 84 S.Ct. 1349, 12 L.Ed.2d 313 (1964); Metropolitan Sanitary District of Greater Chicago v. General Electric Co., 35 F.R.D. 131, 132 n. 5 (N.D. Ill.1964).

4. Checker Motors Corp v. Chrysler Corp., 39 F.R.D. 37, 38 (S.D.N.Y.1965); Norge Sales Corp. v. G. & W. Distributing Co., Inc., 206 F.Supp. 827, 828 (N.D.Ohio

1962); S.P.A. Ricordi Officine Grafiche v. World Art Reproductions Co., Inc., 22 F.R.D. 312, 316 (S.D.N.Y.1958); Noerr Motor Freight, Inc. v. Eastern Railroad Presidents Conference, 166 F.Supp. 163, 170 (E.D.Penn.1958), rev. on other grounds 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); Dextone Co. v. Building Trades Council of Westchester County, 60 F.2d 47, 49 (2 Cir. 1932).

5. National Wrestling Alliance v. Myers, 325 F.2d 768, 775 (8 Cir. 1963); Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F.2d 1, 8 (9 Cir. 1963).

6. 15 U.S.C. § 15.

7. Martin v. Chandler, 85 F.Supp. 131, 132 (S.D.N.Y.1949).

age caused by the overt act of any member pursuant to or in furtherance of the illegal plan. Thus American must share the responsibility for any damages proved which were occasioned by the sales of co-conspirators, even though it may not have directly participated in, or benefited from, such activity.[8]

These principles were applied in City of Atlanta v. Chattanooga Foundry and Pipeworks, 127 F. 23, 64 L.R.A. 721 (6 Cir. 1903), aff'd, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 (1906) where the plaintiff sued two pipe manufacturers to recover for overcharges on sales made by a third member of the conspiracy. The Sixth Circuit approved the claim, stating:

> "That there was evidence tending to show that the plaintiff had been compelled to pay an unreasonable price for the pipe which it bought during the continuance of the unlawful combination complained of is not to be disputed. That its purchases were made exclusively from the Anniston Pipe Company, a corporation doing business in Alabama, and that it is not suing that corporation, is of no vital significance." [9]

The facts in *Chattanooga* are strikingly similar to plaintiffs' allegations. American has not called the court's attention to any decision in the intervening sixty years in which the rule of *Chattanooga* was not followed, or to any reason why it should be distinguished here. Neither does the court see any reason why the *Chattanooga* rule should not be applied to these actions.

Defendant's motion is denied insofar as it relates to claims based on transactions with non-defendant, alleged co-conspirators.

## II. *Purchases From Non-Defendant, Non-Conspirators*

Plaintiffs are also seeking compensation from American for allegedly excessive payments made on purchases from non-conspiratorial manufacturers. Plaintiffs assert that the alleged conspiracy raised the general price level in the market, and that non-conspirators sold their product under this umbrella at higher prices than would have prevailed absent the illegal activity. American contends such claims are too remote and unrelated to the alleged violation to support a cause of action under § 4 of the Clayton Act. Accordingly, defendant has moved this court to dismiss all claims based on transactions with non-conspirators, as a matter of law, for lack of standing to sue. The court is unaware of, and counsel have not cited, any reported decisions directly ruling on this question.[10]

■ Actual injury to plaintiff's business or property is a necessary ingredient to recovery under § 4 of the Clayton Act; the mere fact that a violation of the antitrust laws has occurred is not sufficient.

> "Private antitrust actions are not founded upon showing of unlawful conduct only, but upon injuries, to the protected interests, which are the legal result of the overt illegal acts." [11]

8. Twentieth Century Fox Film Corp. v. Goldwyn, 328 F.2d 190, 212 (9 Cir. 1964), cert. denied 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964); Standard Oil Company of California v. Moore, 251 F.2d 188, 211 (9 Cir. 1957), cert. denied 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1148 (1958).

9. 127 F. 23, 25. See also Northwestern Oil Co. v. Socony-Vacuum Oil Co., supra; Rohlfing v. Cat's Paw Rubber Co., 107 F.Supp. 549 (N.D.Ill.1952).

10. But see Kansas City Power & Light Co. v. I-T-E Circuit Breaker Co., 240

F.Supp. 121, 122 (W.D.Mo.1965) (treble damage action against manufacturer of heavy electrical equipment for alleged price fixing) where the court, although not faced with this issue, stated:
"Each case involves the sale of such equipment by I-T-E. But liability of I-T-E is not limited by statute to sales by it, if it in fact conspired to fix prices and allocate markets with other sellers of such equipment."

11. Haverhill Gazette Co. v. Union Leader Corporation, 333 F.2d 798, 802 n. 4 (1 Cir. 1964), cert. denied 379 U.S. 931, 85

The courts have embroidered limitations onto Clayton § 4's phrase, "any person", curtailing the class of persons covered. Not every financial loss resulting from an antitrust violation gives rise to an actionable claim. Recovery for injury which is indirect, consequential or derivative is precluded.[12] To maintain his suit, a plaintiff must establish (a) a proximate, causal connection between defendant's action and injury translatable into money damages, and (b) that such injury is not remote from the illegal activity.[13]

*Causation*: Here, plaintiffs assert that as a result of American's price fixing activities they were injured on purchases from non-conspirator manufacturers. They maintain the alleged conspiracy artificially elevated the market price, thereby effectuating sales by non-conspirators at a level in excess of hypothetical, competitive prices. Plaintiffs claim such allegedly inflated prices would not have prevailed absent the conspiracy, and, therefore, are irrevocably tied to, and were caused by, American's illegal acts.

American replies that since any injury which may be proved resulted from sales by third parties, it is freed of responsibility for such damages. Defendant argues that the injury may be traced back only so far as the actual seller of pipe, regardless of defendant's behavior and the influence thereof. This intervening act is allegedly the cause of plaintiffs' presumed damage, as, without it, there could be no action.

However, the court does not need to, and, in fact, can not now determine the cause of plaintiffs' injury.[14] This is a fact question and must be reserved for the jury.

"The court therefore concluded that petitioner had not sustained the bur-

S.Ct. 329, 13 L.Ed.2d 343 (1964), rehearing denied 379 U.S. 984, 85 S.Ct. 645, 13 L.Ed.2d 578 (1965). See also Keogh v. Chicago & Northwestern Railway Co., 260 U.S. 156, 165, 43 S.Ct. 47, 67 L.Ed. 183 (1922); Winckler & Smith Citrus Products Co. v. Sunkist Growers, Inc., 346 F.2d 1012, 1014 (9 Cir. 1965), cert. denied 382 U.S. 958, 86 S.Ct. 433, 15 L. Ed.2d 362 (1965); Stearns v. Tinker & Rasor, 252 F.2d 589, 605 (9 Cir. 1957).

12. Loeb v. Eastman Kodak Co., 183 F. 704 (3 Cir. 1910); Lieberthal v. North Country Lanes, Inc., 221 F.Supp. 685 (S.D. N.Y.1963), aff'd 332 F.2d 269 (2 Cir. 1964); Erone Corp. v. Skouras Theatres Corp., 166 F.Supp. 621 (S.D.N.Y.1957); Coast v. Hunt Oil Co., 195 F.2d 870 (5 Cir. 1952), cert. denied 344 U.S. 836, 73 S.Ct. 46, 97 L.Ed. 651 (1952); Gerli v. Silk Asso. of Amer., 36 F.2d 959 (S.D. N.Y.1929); Productive Inventions, Inc. v. Trico Products Corp., 224 F.2d 678 (2 Cir. 1955), cert. denied 350 U.S. 936, 76 S.Ct. 301, 100 L.Ed. 818 (1956); Volasco Products Co. v. Lloyd A. Fry Roofing Co., 308 F.2d 383 (6 Cir. 1962), cert. denied 372 U.S. 907, 83 S.Ct. 721, 9 L. Ed.2d 717 (1963); Snow Crest Beverages, Inc. v. Recipe Foods, Inc., 147 F. Supp. 907 (D.Mass.1956); Miley v. John Hancock Mutual Life Ins. Co., 148 F. Supp. 299 (D.Mass.1957), aff'd per curiam, 242 F.2d 758 (1 Cir. 1957), cert. denied 355 U.S. 828, 78 S.Ct. 38, 2 L.Ed. 2d 41 (1957).

13. Flintkote Co. v. Lysfjord, 246 F.2d 368, 392 (9 Cir. 1957), cert. denied 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957); Talon, Inc. v. Union Slide Fastener, Inc., 266 F.2d 731, 736 (9 Cir. 1959); American Infra-Red Radiant Co. v. Lambert Industries, Inc., 360 F.2d 977, 996 (8 Cir. 1966), cert. denied 385 U.S. 920, 87 S.Ct. 233, 17 L.Ed.2d 144 (1966).

14. The law does not require that the antitrust violation be the sole and exclusive cause of the alleged injury. "Even if the market factors to which defendant points did contribute to plaintiff's injury and were unconnected with the conspiracy, a plaintiff in an antitrust suit is not barred merely because factors other than defendant's unlawful conduct may have contributed to its injury. The usual rule in tort is that a plaintiff may recover for loss to which defendant's wrongful conduct substantially contributed, notwithstanding other factors contributed also.'" Ford Motor Co. v. Webster's Auto Sales, Inc., 361 F.2d 874, 885 (1 Cir. 1966). See also Switzer Brothers, Inc. v. Locklin, 297 F.2d 39, 47 (7 Cir. 1961), cert. denied 369 U.S. 851, 82 S.Ct. 934, 8 L. Ed.2d 9 (1962); E. V. Prentice Machinery Co. v. Associated Plywood Mills, 252 F.2d 473, 479 (9 Cir. 1958), cert. denied 356 U.S. 951, 78 S.Ct. 917, 2 L.Ed.2d 844 (1958).

den of proving that the depreciation in value of its plant was due in any measurable degree to any violation of the Sherman Act by the respondents. But this conclusion rested upon inferences from facts within the exclusive province of the jury, and which could not be drawn by the court contrary to the verdict of the jury without usurping the functions of that fact finding body. Whether the unlawful acts of respondents or conditions apart from them constituted the proximate cause of the depreciation in value was a question, upon the evidence in this record, for the jury 'to be determined as a fact, in view of the circumstances of fact attending it.' " [15]

*Remoteness:* American also contends that any injury plaintiffs may have incurred on purchases from non-conspirators is too remote to support recovery from American, and that such alleged damage is but incidental to defendant's presumed violations. American maintains that the necessary, proximate, legal causation is lacking here, where the injured party was an indirect victim of the alleged conspiracy.

▉ American's contentions must fail. The facts herein do not support defendant's claim when tested against the standards established by the Ninth Circuit. It has been repeatedly stated that injury is direct and proximate when it occurs within that " 'area [of economic activity] which it could reasonably be foreseen would be affected' by the antitrust violation." [16] Sales by non-conspirators to these plaintiffs are clearly within the area of the economy in which competitive conditions allegedly disintegrated. The underlying purpose of the presumed conspiracy was to raise pipe prices by ending competitive bidding. If the alleged conspirators succeeded in this goal, American is liable for damages sustained on all sales which were affected by the elimination of competition. The identity of the pipe seller, whether conspirator or not, is irrelevant. Plaintiffs' claims of injury arise directly from the proscribed activity. The alleged conspirators intended to raise the prices these claimants paid for the pipe which they manufactured. In doing so they may have also brought about increases in the prices charged by non-collaborators. If plaintiffs can establish as a matter of fact (1) that they paid more for pipe purchased from non-defendant non-conspirators than would have been paid absent the alleged conspiracy, and (2) that American's alleged participation in an anticompetitive conspiracy was the cause of such over-payment, nothing in the law will preclude recovery from American. Plaintiffs' ability to prove such facts is for the jury to decide, not this court. American's motion for summary judgment is, therefore, denied insofar as it relates to purchases from non-conspirator manufacturers.

### III. *Purchases From Unknown Suppliers*

Certain plaintiffs have identified purchases of pipe, but are unable, at this time, to specify the manufacturer. Identity of the suppliers would, of course, have to be established by proof at trial, but, when identified, such sellers must, *ipso facto*, be either American, one of the named co-defendants, or a non-defendant manufacturer who may or may not be an alleged co-conspirator. After identification of the manufacturer, transactions with now unknown suppliers

15. Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 566, 51 S.Ct. 248, 252, 75 L.Ed. 544 (1931). See also Ford Motor Co. v. Webster's Auto Sales, Inc., supra n. 14; Atlas Building Prod. Co. v. Diamond Block & Gravel Co., 269 F.2d 950, 958 (10 Cir. 1959), cert. denied 363 U.S. 843, 80 S.Ct. 1608, 4 L.Ed.2d 1727 (1960).

16. Hoopes v. Union Oil Co. of Calif., 374 F.2d 480, 485 (9 Cir. 1967); Twentieth Century Fox Film Corp. v. Goldwyn, supra n. 8, 328 F.2d at 220; Karseal Corp. v. Richfield Oil Corp., 221 F.2d 358, 363 (9 Cir. 1955); Conference of Studio Unions v. Loew's Inc., 193 F.2d 51, 54–55 (9 Cir. 1951), cert. denied 342 U.S. 919, 72 S.Ct. 367, 96 L.Ed. 687 (1952).

would thereupon be subject to the rulings and agreements noted above.

■ The identity of the unknown manufacturers is a "genuine issue * * * [of] material fact" which precludes summary judgment on these claims. Accordingly, American's motion is denied insofar as it relates to transactions with as yet unidentified sellers. However, this portion of the court's order is without prejudice to renewal at the completion of any plaintiff's case if plaintiff fails to establish the necessary proof.

It is herewith ordered that defendant's motion for summary judgment is granted insofar as it covers plaintiffs who have not identified any transactions, or have identified purchases only from named defendants with whom plaintiffs have heretofore settled. Defendant's counsel shall prepare a list of such plaintiffs and submit it, together with an appropriate order of dismissal, for the court's approval.

In all other respects defendant's motion is denied.