FRIENDS OF ANIMALS, INC.,
Plaintiff,

v.

AMERICAN VETERINARY MEDICAL
ASSOCIATION, New York State Veterinary Medical Society, Westchester
Rockland Veterinary Medical Association, Long Island Veterinary Medical
Association, Inc., and Veterinary Medical Association of New York City, Inc.,
Defendants.

No. 69 Civ. 210.

United States District Court,
S. D. New York.

March 16, 1970.

See also D.C., 310 F.Supp. 620.

Blinder & Steinhaus, New York City,
for plaintiff, Stephen Hochhauser, New
York City, of counsel.

Ellins, Fine & Kilgannon, Hempstead, N. Y., for defendant, Long Island Veterinary Medical Assn.

Calli, Calli, Monescalchi & Mascaro, Utica, N. Y., for defendants, New York State Veterinary Medical Society, Westchester Rockland Veterinary Medical Assn. and Veterinary Medical Assn. of New York City, Inc.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

This is an action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, for violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, seeking damages and a permanent injunction.

The complaint alleges that plaintiff, Friends of Animals, Inc., is a non-profit corporation whose principal objective is the reduction of the number of homeless and unwanted cats and dogs. In pursuit of this objective, plaintiff conducts a program to educate pet owners concerning the necessity for spaying female animals. In addition, plaintiff uses its funds primarily to pay veterinarians for spaying mixed-breed cats and dogs largely belonging to poor persons. Veterinarians receive less from plaintiff than they would customarily receive for their services from private sources.

Defendants are the national and affiliated state and local professional societies of veterinarians. They are charged with conspiring to restrain plaintiff's activities by (1) adopting and enforcing minimum fee schedules for veterinarians and (2) maintaining and enforcing uniform policies with respect to the grant-ing of discounts to poor persons. To effectuate their program of price maintenance, it is alleged that defendants (1) threatened veterinarians with expulsion from defendant societies if they agreed to work for plaintiff at fees below the minimum fee established by defendants, (2) conducted a national campaign to bring plaintiff into disrepute and diminish its ability to collect funds, and (3) falsely accused veterinarians who accepted referrals from plaintiff of engaging in unlawful practice.

Defendants' efforts have been successful and have already affected plaintiff's ability to solicit contributions and to carry on its activities and have forced plaintiff to curtail its program. Plaintiff has suffered monetary damages though these are difficult to calculate and requires injunctive relief.

The defendants, with the exception of the American Veterinary Medical Association, now move pursuant to Rule 12(b) Fed.R.Civ.P. to dismiss the complaint for failure to state a claim upon which relief can be granted and for failure to join indispensable parties or, in the alternative, for judgment on the pleadings.

Initially the defendants contend that they are not engaged in "trade or commerce" within the meaning of Section 1 of the Sherman Act. However, the question is not whether defendants were engaged in "trade or commerce" but whether plaintiffs were engaged in "trade or commerce". American Medical Ass'n v. United States, 317 U.S. 519, 528–529, 63 S.Ct. 326, 87 L.Ed. 434 (1943). It is thus unnecessary to decide whether the practice of veterinary medicine is "trade or commerce" within the purview of the Sherman Act.[1]

---

1. The question of whether or not the professions are "trade or commerce" within the meaning of the Sherman Act has been recognized but never resolved by the Supreme Court. See American Medical Ass'n v. United States, supra; United States v. Oregon Med. Soc'y, 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978 (1952); United States v. National Ass'n of Real Estate Bds., 339 U.S. 485, 70 S.Ct. 711, 94 L.Ed. 1007 (1950). The question has been answered in the affirmative by one Court of Appeals. United States v. American Medical Ass'n, 72 App.D.C. 12, 110 F.2d 703 (D.C.Cir. 1940), cert. denied, 310 U.S. 644, 60 S.Ct. 1096, 84 L.Ed. 1411 (1940).

■ Plaintiff is not engaged in the professions. It is a non-profit corporation engaged in reducing the number of homeless and unwanted cats and dogs and merely employs veterinarians to aid in accomplishing that objective. Defendants do not contradict this. Plainly, on the record before me, plaintiff is engaged in "trade or commerce". See American Medical Ass'n v. United States, 317 U.S. 519, 528, 63 S.Ct. 326, 87 L.Ed. 434 (1943).

■ Defendants' contention that the complaint discloses the absence of damage in the case is without merit. Plainly, the complaint indicates that damage has been suffered and that at least part of this damage is monetary. The complaint merely indicates that plaintiff may not be able to establish the full amount of its monetary damage. While plaintiff will only be able to recover such damages as it is able to prove at trial, the complaint alleges ample damage to state a claim. See Keogh v. Chicago & Northwestern Railway Co., 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183 (1922); Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544 (1931).

■ Defendants' final contention is that the individual veterinarians who were threatened with expulsion and not the plaintiff are the proper parties, if any, to raise this claim. This contention is patently without merit. The antitrust violation was "directly aimed" at and "directly harmed" the plaintiff. See Productive Inventions v. Trico Products Corp., 224 F.2d 678, 679 (2d Cir. 1955); Karseal Corp. v. Richfield Oil Corp., 221 F.2d 358 (9th Cir. 1955); Elyria-Lorain Broadcasting Co. v. Lorain Journal Co., 298 F.2d 356 (6th Cir. 1961). Plaintiff thus has standing to raise the claim without regard to whether individual veterinarians may also have standing.

Accordingly, defendants' motions are in all respects denied.

It is so ordered.